CRAWFORD *v.* THE GEORGIA PACIFIC RAILWAY COMPANY.

1. Before announcing ready for trial the plaintiff should be prepared with evidence to maintain the action, not merely to change the burden of proof.  Where known witnesses to material facts alleged in the declaration are absent, and there has not been time since discovering them to take their testimony by interrogatories, and the plaintiff voluntarily goes to trial instead of applying for a continuance, the absence of these witnesses, though afterwards fully accounted for, will be no cause for a new trial.

2. That a witness for the losing party testified at the trial in a way to be misunderstood is no cause for a new trial if the misunderstanding could have been prevented by due diligence in consulting with the witness and conducting his examination.

3. As to an alleged mistake by one of the witnesses in behalf of the prevailing party, this case is distinguishable from *Scofield* v. *State*, 54 *Ga.* 636.

4. Where the declaration sets forth several particulars in respect to which it alleges negligence, the court in charging the jury may confine its instructions to those particulars on which the plaintiff

insists at the trial and upon which, according to the evidence, the merits of the case depend, and may treat the others as not involved in the controversy. The charge given was full and correct.

5. Expert evidence of blacksmiths or other workers in metal is not indispensable in order to show that the "spring rail" of a railroad switch, the breaking of which caused the accident, was or appeared to be sound and made of fit material. The jury may regard other evidence as sufficient to vindicate the company's diligence.

October 8, 1890.

Practice. Witness. New trial. Negligence. Charge of court. Railroads. Before Judge VAN EPPS. City court of Atlanta. December term, 1889.

Action by Eliza Crawford, under the act of October 27, 1887, for the homicide of her son ; and verdict for the defendant. The plaintiff excepted to the overruling of her motion for a new trial.

HOKE & BURTON SMITH, for plaintiff.

JACKSON & JACKSON, for defendant.

BLECKLEY, Chief Justice.

1. The main ground of the motion for a new trial relied upon in the argument was the ground relating to so-called newly discovered evidence. We see no reason to doubt that, by the use of full diligence, this evidence might have been obtained in time for the trial. It related to matters affirmed to be thus and so in the plaintiff's declaration, and the evidence to prove that the facts were as alleged, and to reply to the evidence which might be adduced by the defendant tending to show the contrary, should have been discovered before the action was brought. A plaintiff should not bring an action and rely upon the chances for discovering evidence afterwards to support it. Moreover, these witnesses had been discovered before the trial, and if there had not been time to take their testimony by interrogatories, and they themselves were not in attendance when the case was called, the plaintiff should have applied for a continuance, and not gone to trial taking

the chances for a recovery without these witnesses, and, having lost, obtain a new trial now because they were not present. This would be to accept the results of a first trial if they were favorable, and reject them if they were unfavorable. It is said that the plaintiff was not bound to anticipate that the *prima facie* case made by simply showing that her son was killed without his fault by the running of the cars, would be met and overcome by the defendant, and therefore that there was no need to be prepared with more than *prima facie* evidence before announcing ready for trial. This theory cannot be correct. Otherwise a new trial would have to be granted whenever the plaintiff has gone far enough to change the burden of proof, should he lose his case and then show on a motion for a new trial that he could answer the defendant's evidence if allowed another opportunity. A plaintiff, to be really ready for trial, must be prepared, not only to cast the *onus*, but to keep up the preponderance of the evidence until the case is finally submitted to the jury. The declaration is not only to be proved, but its truth is to be maintained until the jury can set their seal upon it by a verdict.

2. It is said that one of the plaintiff's witnesses was misunderstood, and that his evidence was not put before the jury so as to convey the sense and meaning which he intended. Proper diligence in the preparation of the cause and in consulting with this witness would doubtless have prepared counsel to understand what the witness would testify, and to conduct the examination in a way to have the jury also understand it correctly. If there had not been sufficient opportunity to consult with the witness before his examination, time, on a proper showing to the court, could have been allowed for that purpose, even pending the trial.

3. The defendant's witness, Strickland, does not depose in his affidavit now produced by the plaintiff that

he made a mistake in his testimony. He puts the matter conditionally, and there is no such evidence that the condition existed as there was in *Scofield* v. *The State*, 54 *Ga.* 635, that the witness had made a material mistake. In this instance, if there was a mistake as to the speed of the train or the point at which the grade of the track changed, the use of proper diligence to prepare for trial would have secured the evidence to correct or contradict the witness before the trial began. Here the scene of the occurrence was definite, and the plaintiff knew just where to inquire for witnesses and where all the material facts involved in the transaction concentrated. The local knowledge needed was attainable by a timely examination of the scene of the accident.

4. The charge of the court, read in the light of the evidence, was full and correct. It covered all the material questions in the case, even the request to charge which was declined, in so far as that request was legal and appropriate. It states that the three points of negligence enumerated were all that were insisted upon, and this we are to consider as true, as the judge nowhere certifies to the contrary. It is not incumbent on the court to charge upon all the negligence alleged in the declaration, but only so much of it as the evidence applies to and as the plaintiff insists upon at the trial. There was absolutely no testimony to uphold the allegation that a " Y" is improper or less safe than a sideling. All the evidence upon the subject was directly to the contrary.

5. The suggestion that expert evidence from blacksmiths or workers in metal is necessary to clear the road of negligence, the accident having been caused by the breaking of a spring rail, assumes that, as matter of law, the jury had no right to be satisfied with any other evidence. We think there is no such law as this.

Whether a piece of iron, steel or other metal forming part of a railway track is sound or unsound, and whether it is apparently suited to the purpose for which it is used, is a question on which any practical person of experience in railroading can give an opinion in connection with the facts on which the opinion is founded. Indeed, the competency of the evidence seems not to have been disputed; and if it was competent, we think the jury, if they believed it trustworthy, had a right to consider it and base their verdict upon it. We discover no lack of evidence to authorize the jury to reach the conclusion at which they arrived. There was no error in denying the motion for a new trial.

*Judgment affirmed.*