[No. 2686. Decided November 12, 1897.]

ISAAC PINCUS, *Respondent*, v. THE PUGET SOUND BREWING COMPANY, *Appellant*.

NEW TRIAL — SURPRISE — REVIEW ON APPEAL.

The action of the trial court in denying an application for a new trial, on the ground that the evidence was insufficient to support the verdict, will not be reviewed in the absence of the evidence upon which the ruling was based.

The granting of a new trial on the ground of accident and surprise is an abuse of the discretion reposed in trial courts in such

matters, where it appears that plaintiff depended upon record testimony to prove a material issue in the case and waited until ten minutes before the testimony was required in the trial, before making demand upon the custodian of the records to produce it, when it was discovered that the record desired was missing and could not be found.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Reversed.

*Campbell & Powell*, for appellant:

The affidavit on which the motion was based does not show such accident or surprise as will warrant a new trial. Surprise cannot be alleged when the evidence is within the issues framed by the pleadings. *Wilson v. Waldron*, 12 Wash. 149; *Fist v. Fist*, 32 Pac. 719; *People v. Marks*, 10 How. Pr. 263; *Francisco v. Benepe*, 11 Pac. 637.

It is a well settled rule that a new trial will not be granted because the party came to trial unprepared. *Jackson v. Roe*, 9 Johns. 78; *United States v. Humason*, 8 Fed. 71; *Hamersly v. Lambert*, 2 Johns. Ch. 432; *Leavy v. Roberts*, 8 Abb. Pr. 310.

A party surprised on a trial must apply for relief at the earliest practicable moment, and in such method as to produce least vexation, expense and delay. He will not be allowed to speculate on the chance of a favorable decision on other points, and if he fails on these fall back on his motion for a new trial on the ground of surprise. *Schellhous v. Ball*, 29 Cal. 609; *Helm v. First National Bank*, 91 Ind. 44; *Cummins v. Walden*, 4 Blackf. 307; *Sproul v. Resolute Fire Ins. Co.*, 1 Lans. 71; *Atkisson v. Martin*, 39 Ind. 243; *Graeter v. Fowler*, 7 Blackf. 554; *Larrimore v. Williams*, 30 Ind. 18.

*Judson & Bennett*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal from an order of the superior court setting aside the verdict of the defendant and granting the plaintiff a new trial. The action was for the recovery of money for rent alleged to be due under a lease. The answer was a general denial. Upon the trial of the cause the jury rendered a verdict for the defendant. Subsequently the plaintiff filed a motion to set aside the verdict and to grant the plaintiff a new trial, which motion was granted by the court. The motion alleged two reasons for granting the relief prayed for: (1) Because the evidence was insufficient to justify the verdict, and (2) because of accident and surprise which ordinary prudence could not have guarded against. The affidavit in support of the motion was made by the plaintiff, and after setting forth the fact that the defendant, the Puget Sound Brewing Company, leased from him the building as set out in his complaint, that said building was to be used as a saloon, and that, under the ordinance of the city of Tacoma regulating the issuance of licenses, before any license could be issued a petition addressed to the council signed by the party applying for the license and containing the consent of the owner of the premises should be presented to the city council and acted on by that body, it alleged: That when such license is granted the said petition signed by the applicant for the license and the owner of the building is preserved by the clerk of the city and becomes a public record; that the license was granted to the defendant; that the defendant did make an application in writing for such license by petition in the form and manner prescribed by the ordinance, and that the plaintiff signed said petition and consented in writing that the defendant might use and occupy said premises for a saloon and that the license to plaintiff might issue for that purpose; that the plaintiff was ad-

vised by his attorney that the said petition and bond which the ordinance required could be had and introduced in evidence at any time on ten minutes notice, if it became necessary to do so; but that when said petition and bond were called for to be used in evidence upon the trial, the clerk of the city could find neither the petition nor the bond, and that the officers of the city have never been able to find the same; that the defendant depended upon using the said petition and bond to contradict the officers of the defendant company in case they or either of them denied making the lease from him, and for that reason he took no steps to secure the evidence of Fisher, the man who managed the saloon and business of defendants in plaintiff's building; that he could prove by Fisher that the defendant did lease plaintiff's building for one year commencing January 1, 1896, and that defendant agreed to pay as rent therefor the sum of seventy-five dollars per month; that Fisher would testify that he was informed by the general agent of the defendant company that the defendant had leased the premises from plaintiff in the presence of Kalenborn, the secretary of the defendant company, and that he was directed by them to pay the rent of said premises to plaintiff, out of the receipts of the business, and to charge the amount so paid for rent to the defendant company; that said Fisher was a resident of British Columbia, and that the plaintiff would secure his evidence, to be used upon the new trial, if one was granted.

This is the substance of the material part of the affidavit. It is urged by the respondent that this cause was tried by jury, that witnesses testified for plaintiff and defendant, and that who the witnesses were and what facts their evidence disclosed does not appear in the record of this cause; that the granting of the new trial was within the discretion of the court, that the trial judge, having heard all the evi-

dence, was in a position where he had the opportunity of determining every fact involved in the application for a new trial, and that this court, therefore, is not in a position to say whether the trial judge erred, for the reason that it has not before it the facts upon which the trial judge based his ruling, and will therefore presume that the trial court was correct. The granting of a new trial, it is true, is a matter which is largely discretionary with the trial court, and appellate courts will not disturb the action of a trial court in this respect, unless it plainly appears that such discretion has been abused.

But the argument of the counsel for respondent is not pertinent in this case. While it is true that there was testimony offered in the case, it also appears from the announcement of the court that the first ground of motion made by the plaintiff, viz., that the evidence was insufficient to justify the verdict, was overruled by the court, and we must, therefore, in the absence of any record testimony to the contrary, conclude that the action of the court with respect to that portion of the motion was well founded. And it further appears by the order of the court that the action of the court was based exclusively upon the matters and things set forth in the affidavit, and that affidavit can be as correctly inspected by the appellate court as by the judge who tried the cause. The finding of the court was as follows:

" This cause coming on to be heard on the motion of the plaintiff to set aside the verdict of the jury and to grant a new trial and the court, after hearing the attorneys for the plaintiff and defendant and being fully advised in the matter, grants the said motion on the second ground set forth in plaintiff's said motion supported by the affidavit of plaintiff filed herein, to-wit: on the ground of accident and surprise which ordinary prudence could not have guarded against; all of the facts which constitute such ac-

cident and surprise are fully set forth in the affidavit of plaintiff filed here in support of said motion, and it is now ordered and adjudged that the verdict rendered by the jury herein (be) and the same is set aside and a new trial granted."

It is the duty of a litigant to be ready for trial when his cause is called. This action was commenced nearly a year before it was tried, and the plaintiff must, at his peril, know what proof is necessary to sustain the allegations of the complaint. The answer was a general denial and put in issue the lease which he sought to establish—in fact, that seems to have been the material question in the case. This does not come under the head of newly discovered testimony, but if the petition should be granted for any reason, it would be for the reason assigned by the judge, viz., accident and surprise which ordinary prudence could not have guarded against. We do not think the affidavit developes a case of this kind. It is certainly not prudent for a plaintiff to wait until ten minutes before record testimony is required, and then during the progress of the trial make a demand upon the custodian of the records for such testimony without even having examined the records to ascertain if the testimony which he desired to offer was at hand. But in any event, if this testimony was so essential to the defendant's case that it would warrant the granting of a new trial, then it was essential enough to have warranted the granting of a non-suit or of a continuance. If the matter had been presented to the court when it was discovered that the desired evidence could not be obtained, a motion for continuance should have been made and the same court that granted the motion to set aside the verdict would undoubtedly have granted a motion for a continuance, on terms or otherwise. And in any event, the plaintiff would have been entitled to a non-suit. If he was surprised on

the trial of his case, his remedy was as we have indicated; if he was not, he simply took chances on obtaining a verdict from the jury on the testimony which he had at hand; and having elected to submit his case to the jury on such testimony, he can not now be heard to complain that the testimony was insufficient, and that he could, on another trial, produce more and better testimony. If this practice were tolerated, no reliance could be placed upon a judgment, and it would become a favorite practice with litigants to obtain a second trial, if unfortunate in the first, by neglecting to procure all the testimony which might originally have been procured in the case.

We think the court erred in granting the new trial, and the judgment will be reversed and the case remanded with instructions to proceed in accordance with this opinion.

Scott, C. J., and Reavis, Anders and Gordon, JJ., concur.