28 139
38 82
38 85
28 139
40 380

[No. 4161. Decided March 26, 1902.]

CHAS. G. REEDER, *Trustee in Bankruptcy, Appellant,* v. TRADERS' NATIONAL BANK OF SPOKANE, *Respondent.*

NEW TRIAL — ACCIDENT AND SURPRISE — RESIDENCE OF WITNESS — SUFFICIENCY OF SHOWING.

In an action by a trustee in bankruptcy to recover possession or the value of certain promissory notes held by defendant and alleged to be the property of the bankrupt, the defendant answered that it had received the notes from one Fleming for collection. In his reply plaintiff set up that said Fleming's title was without consideration and for the purpose of defrauding the creditors of the bankrupt. The deposition of Fleming, taken in Canada, gave his residence as "Pittsburg, Massachusetts." Before trial plaintiff submitted written interrogatories to defendant asking for the place of residence and postoffice address of said Fleming, to which defendant answered that it did not know. More than a year before trial defendant's attorneys had received an affidavit showing Fleming's true residence, but had mislaid it and could not find it until the day after the trial. On the trial plaintiff proved there was no such place as Pittsburg, Massachusetts, and upon argument suggested that the postoffice address and place of residence were being concealed in order to prevent plaintiff from procuring testimony in support of the issue of fraud. The jury found for plaintiff. *Held,* that it was error to grant defendant a new trial on the ground of accident and surprise and newly discovered evidence, since it must have been apparent from plaintiff's written interrogatories to defendant, that the matter of residence must have been regarded by plaintiff as material for some reason, and was sufficient notice to put it on inquiry to inform itself, though not put in issue by the pleadings.

SAME — DISCRETION OF TRIAL COURT — REVIEW ON APPEAL.

An order granting a new trial, although a matter resting largely in the sound discretion of the trial court, is reviewable on appeal; and its reversal is authorized when it is granted on the ground of accident or surprise, and it appears that the surprise was due to neglect or inattention on the part of the party surprised, and that he had not used all reasonable efforts to overcome the evidence which worked the surprise.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Reversed.

*Crow & Williams,* for appellant.

*Graves & Graves,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—The appellant, as trustee in bankruptcy of J. D. Lefevre, a bankrupt, instituted this action against the respondent. It is alleged that at the time of his election as such trustee the appellant became entitled to the possession of two promissory notes, for $1,000 each, which were the property of said Lefevre at and prior to the time he was adjudicated a bankrupt. It is further alleged that said notes were at and before the time of the commencement of this action in the possession of respondent; that, while they were so in respondent's possession, appellant demanded of it the return of said notes, which was refused; and that respondent now wrongfully detains the same. The value of the notes is alleged to be the full sum of $2,000, and judgment is demanded for the return of the notes, or, if a return cannot be had, for the sum of $2,000 and costs. Respondent's answer alleges that at the time of the commencement of this action it had and now has in its possession two promissory notes bearing date March 25, 1899, each for the sum of $1,000, payable to the order of James H. Misner, and signed by T. H. Monk and Miranda Monk (presumably the same notes mentioned in the complaint) ; that each of said notes was, prior to the 29th day of January, 1900, for a valuable consideration, and before the maturity thereof, indorsed and transferred to one W. J. Fleming, who is now the *bona fide* owner and is entitled to the immediate possession of each of the said notes; that thereafter, and prior to the com-

mencement of this action, said Fleming sent said notes to respondent, with instructions to collect the same; and that respondent is now in possession of the notes as the agent of said Fleming, and has no other or further interest therein. Appellant replied that while said Lefevre was the owner and in possession of said notes, for a long time prior thereto, and at all times since, he was hopelessly insolvent; that, if said Fleming ever had possession of said notes, such possession was obtained without consideration, and with full knowledge of the insolvent condition of Lefevre, and that said Fleming paid no adequate or sufficient consideration for said notes; that, if said Fleming ever had possession of the notes, such possession was obtained by collusion with said Lefevre for the purpose of placing the notes beyond the reach of the creditors of said Lefevre and this appellant, and said Fleming prior to obtaining possession of said notes, and at all times since, has had actual notice of facts and circumstances sufficient to arouse the suspicion of a prudent person, and place him upon his inquiry as to the purpose of said Lefevre in transferring the possession of the notes; that prior to his obtaining possession of the notes the said Fleming entered into a conspiracy with said Lefevre whereby the latter was to transfer the notes to the possession of the former for the purpose of placing them beyond the creditors of Lefevre and of appellant, and with the understanding and agreement that, if the notes were transferred to the possession of Fleming, they were to be returned to said Lefevre upon his demand, and, if any consideration passed from the said Fleming to the said Lefevre, it was with the understanding and agreement that said Lefevre might return the consideration and receive the notes back whenever he should so elect. Upon the issues above stated the

cause was tried before a jury, and a verdict was returned that the appellant at the time of the commencement of the action was entitled to the possession of the notes described in the complaint, and that the value thereof was the sum of $2,000 and interest accrued. Respondent moved for a new trial. The motion was granted, and from the order granting a new trial this appeal was taken.

The only error assigned is that the court set aside the verdict of the jury and granted a new trial. The grounds urged upon the motion for new trial were accident and surprise which ordinary prudence could not have guarded against, and newly discovered evidence material for the defendant, which it could not, with reasonable diligence, have discovered and produced at the trial.

At the trial the appellant introduced in evidence, as a part of his case, the deposition of W. J. Fleming, which deposition had been taken at the instance of respondent, at Montreal, Canada. The purpose of its introduction was stated by appellant's counsel to be that, inasmuch as said Fleming is the real party in interest in this cause, the offer of the deposition was made as the admission and statements of the party. No objection being made, the deposition was then read in evidence. In the caption of the deposition it was recited that said Fleming resided at "Pittsburg", Massachusetts, and that his place of business was at "Pittsburg", Massachusetts. The certificate of the notary public before whom the deposition was taken states that the deposition was carefully read to the witness by the notary, and that, after having heard read the deposition, the witness signed the same in his presence. The statement in regard to the residence of the witness does not appear as an answer to an interrogatory, but is included in the general recital or preamble preceding the

interrogatories and answers thereto, which preamble re-
cites the name, age, place of residence, and occupation of
the witness. The deposition appears to have been taken
upon oral interrogatories, with counsel representing the
respective parties present and examining the witness.
Immediately following the reading in evidence of the
deposition, appellant introduced as a witness one Dieffen-
bach, who was at the time assistant postmaster of the city
of Spokane, and who testified that from an examination
of the official publications of the post-office department of
the United States, showing the names of the various post-
offices throughout the United States, there is no such post-
office in the state of Massachusetts as Pittsburg. An ob-
jection interposed to this testimony was withdrawn by
respondent's counsel. Some time previous to the trial,
appellant submitted to respondent certain written inter-
rogatories, asking among other things, for the place of
residence and post-office address of said Fleming. The
cashier of respondent answered that he did not know,
and, further, answering other interrogatories, stated that
respondent had received the notes from Henry Tucker,
and that he had been informed that said Fleming is a
client of said Tucker. At the trial it appeared that said
Tucker is a barrister and solicitor in Montreal, Canada,
and had appeared for respondent at the taking of the
deposition of Fleming aforesaid. Further evidence was
introduced by appellant, and, at the close of appellant's
testimony, respondent rested, and offered no testimony.
The deposition of the witness Fleming, taken on behalf
of respondent, had, however, already been read in evidence
as aforesaid. In the light of the above evidence and cir-
cumstances, the respective counsel proceeded to argue the
case to the jury; and in the argument of appellant's coun-

sel it was suggested that an effort had been made to conceal the post-office address and place of residence of the witness Fleming, in order to prevent appellant from investigating the character and surroundings of the man in the effort to procure testimony in support of the issue of fraud tendered by the reply; and it was further suggested that the jury would be justified, under the evidence, in finding that the man who gave the deposition was no other than Lefevre. For the foregoing reasons the respondent claims it was surprised, and it urged that respondent could not, with reasonable diligence, have foreseen that the place of residence of Fleming would be disputed, so as to involve his identity before the jury. In support of the motion for new trial, respondent submitted affidavits to the effect that said Fleming is a resident of the city of Fitchburg, Massachusetts, and that the notary public who certified to his deposition aforesaid was in error in stating the place of residence to be Pittsburg, Massachusetts. The affidavit of one of respondent's counsel states that he had no knowledge or information as to the residence of said Fleming, except such as was shown by the deposition, until the day following the trial, when he was shown an affidavit of said Fleming in which it is disclosed that Fleming's residence is at Fitchburg, Massachusetts. The affidavit was handed to respondent's counsel by Mr. Laughon, who was in his employ. The affidavit of Mr. Laughon states that prior to the date of the trial of this cause he had personal charge of the proceedings had therein on behalf of respondent, and that the above mentioned affidavit of Fleming was sent to him by said Tucker soon after this action was commenced, and that said affidavit and the letter accompanying it were placed upon his desk, and not found by him until the day

following the trial of the cause, although he had made search therefor. The affidavits disclosed that all correspondence with reference to this cause was conducted with Henry Tucker, aforesaid, and not with Fleming directly. Wherefore, by reason of the above facts, it is urged that respondent was surprised at the trial when the evidence of appellant was introduced to the effect that there is no such post-office in Massachusetts as Pittsburg, and was further surprised at the argument of counsel based upon said testimony, and upon the contradictory recital in the deposition concerning Fleming's place of residence. It is further urged that upon another trial respondent will be able to show that the residence of Fleming is at Fitchburg, Massachusetts, and that he so stated to the notary public who took his deposition, but that the notary understood him to say "Pittsburg," and that the error was not discovered when the deposition was read over by him. In granting the motion for a new trial the court found that no other sufficient showing in favor of a new trial had been made, and rested its order granting the motion entirely upon the ground "that by reason of the showing made in said affidavits as to the alleged mistake in giving the residence of said William J. Fleming in said deposition to be Pittsburg, Massachusetts, instead of Fitchburg, Massachusetts, and for no other reason, a new trial be granted herein."

Whatever statements may have been made by appellant's counsel in his argument to the jury, a copy of which appears in the record, it seems to us the jury must have seen that he was in no position to dispute the identity of Fleming as the man who gave the deposition, for the reason that the evidence showed that appellant was present by counsel at the taking of the deposition, and, not having then

undertaken to question the identity of the witness, he
thereby recognized it.   The argument was made upon the
evidence on the subject of residence, that the witness had
attempted to conceal his place of residence for reasons
heretofore stated.   The argument was legitimate under
the issue of fraud, and the jury had a right to consider it.
Respondent's counsel say the jury must have found that
there is no such man as Fleming.   We think that by no
means follows.   They must have found that they did not
believe his testimony, which they had a right to do under
the issues, since it appeared that he was the real party in
interest, if they believed that he had attempted to conceal
the place of his residence in furtherance of a fraudulent
design, or if they believed that his testimony was other-
wise inconsistent or unreliable.

Turning now to the question of accident and surprise
and newly discovered evidence, it will be remembered
that in due time before the trial appellant had, by written
interrogatories, inquired of respondent for the residence
and post-office address of Fleming.   Respondent then knew
that Fleming's testimony was to be produced at the trial,
and that, for some purpose best known to appellant, the
place of his residence had been asked by appellant in a
formal manner, as authorized by law.   It must then have
been apparent to respondent that the matter of residence
was regarded by appellant as material for some reason.
Respondent did not then know the place of residence, and
made no effort thereafter, before the trial, to inform itself
upon that subject.   It had theretofore caused the deposi-
tion of Fleming to be taken and filed, and was chargeable
with knowledge of what his deposition contained upon that
subject.   The employee of respondent's counsel who had
charge of the preparation of the case for trial already had

in his possession an affidavit of Fleming in which the place of residence was stated as Fitchburg, Massachusetts. The affidavit had been mislaid, but was discovered the day after the trial.   Mr. Laughon says in his affidavit that this affidavit was sent him soon after this action was commenced.    The exact date of the. commencement of the action is not disclosed, but the amended complaint was filed August 29, 1900, and the affidavit bears date August 22, 1900.   The trial of the cause occurred October 2, 1901. So that the affidavit must have been in Mr. Laughon's possession more than a year before the time of the trial. He stated that diligent search was made for the affidavit before the trial, but it does not appear that respondent endeavored, by correspondence or other means, to ascertain the fact as to the residence of the witness.   While that matter was not directly in issue under the pleadings, yet the issue involved was one of fraud, and sufficient had transpired to put respondent upon inquiry, in an endeavor to be prepared to meet any evidence or argument that the matter of residence might involve.   It was not incumbent upon appellant that he should state to respondent the reasons for his inquiry upon the subject.   Moreover, when appellant offered his evidence apparently contradicting the recital in the deposition, an objection made thereto was withdrawn.   No suggestion of surprise was then made, and there was no demand for a continuance that further testimony might be procured.    And   again,   when   the statements now complained of were made in argument by appellant's counsel, it is not disclosed by the record that any exception thereto was taken or any suggestion of surprise made to the court.

.It is further urged that the court erred in · its instructions to the jury, in that, as alleged, it practically sub-

mitted to them the question of the existence of the man
Fleming, which was not an issue under the pleadings.
The court did say, "if you find there was such a person,"
but no exception was taken thereto. The record does not
disclose any exceptions of respondent to any of the court's
instructions.

It is contended that the granting of a motion for a
new trial rests in the sound discretion of the trial court,
and that, since its opportunity for knowing the environ-
ment of the trial is much better than that of the appellate
court, the order should not be disturbed. The order is,
however, made an appealable one, under our statute, and
it therefore becomes the duty of this court to consider it
as it appears here. It is a recognized principle that, when
an application for a new trial on the ground of accident
or surprise is made, it is not only necessary that the party
should have been surprised, but that it was not the conse-
quence of neglect or inattention on the part of the party
surprised; also, that he used all reasonable efforts to over-
come the evidence which worked the surprise, or that it was
not within his power to have done so by the employment
of reasonable diligence. *Chicago & Great Eastern Ry. Co.
v. Vosburgh,* 45 Ill. 311; *Schellhous v. Ball,* 29 Cal. 605;
*Gaines v. White,* 1 S. D. 434 (47 N. W. 524); *Borderre v.
Den,* 106 Cal. 594 (39 Pac. 946); *Crawford v. Georgia
Pac. Ry. Co.,* 86 Ga. 5 (12 S. E. 176); *Pincus v. Puget
Sound Brewing Co.,* 18 Wash. 108 (50 Pac. 930).

In *Gaines v. White, supra,* at page 527 (1 S. D. 447),
the court said:

"But he can never, after having submitted his cause,
on finding that the verdict or judgment is against him,
become surprised at what had previously happened dur-
ing the trial and ask the court to relieve him from his own
error, mistake, or omission."

In *Pincus v. Puget Sound Brewing Co., supra,* this court, in reversing an order granting a new trial, at pages 113 and 114 of the opinion said:

"But in any event, if this testimony was so essential to the defendant's case that it would warrant the granting of a new trial, then it was essential enough to have warranted the granting of a non-suit or of a continuance. If the matter had been presented to the court when it was discovered that the desired evidence could not be obtained, a motion for continuance should have been made and the same court that granted the motion to set aside the verdict would undoubtedly have granted a motion for a continuance, on terms or otherwise. And in any event, the plaintiff would have been entitled to a non-suit. If he was surprised on the trial of his case, his remedy was as we have indicated; if he was not, he simply took chances on obtaining a verdict from the jury on the testimony which he had at hand; and having elected to submit his case to the jury on such testimony, he cannot now be heard to complain that the testimony was insufficient, and that he could, on another trial, produce more and better testimony. If this practice were tolerated, no reliance could be placed upon a judgment, and it would become a favorite practice with litigants to obtain a second trial, if unfortunate in the first, by neglecting to procure all the testimony which might originally have been procured in the case."

In view of what has heretofore been said, we think the respondent did not bring itself within the rule above stated, and that the court erred in granting the motion for a new trial.

The judgment is reversed, and the cause remanded, with instructions to the court below to overrule the motion for new trial.

REAVIS, C. J., and ANDERS and MOUNT, JJ., concur.