[No. 5140.   Decided April 3, 1905.]

H. W. COLLINS, Appellant, v. WM. T. BACON et al., Respondents.[1]

APPEAL—REVIEW—VERDICT ON CONFLICTING EVIDENCE. The verdict of a jury upon substantial evidence will not be disturbed on appeal because of conflict in the testimony.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—WANT OF DILIGENCE. A new trial on the ground of newly discovered evidence is properly refused for want of diligence where the evidence consists of entries in the appellant's books, contradicting the testimony of respondent, to which appellant at all times had access, and where he was apprised in advance of the trial of the issues and the necessity of having all his evidence ready.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered September 12, 1903, upon the verdict of a jury rendered in favor of the defendants, in an action upon a promissory note. Affirmed.

[1]Reported in 80 Pac. 268.

*Crow & Williams,* for appellant.

*Graves & Graves,* for respondents.

PER CURIAM.—This action was brought to recover upon a promissory note, alleged to have been executed by the respondent Wm. T. Bacon in favor of the appellant. The answer denied the execution of the note, and on this issue the case was tried to a jury, which returned a verdict in favor of the respondent. The appellant moved for a new trial on the ground of newly discovered evidence, which motion the trial court overruled. Judgment was entered on the verdict, and this appeal is taken therefrom.

Two errors are assigned for reversal: first, that the evidence is insufficient to justify the verdict; and second, that the appellant was entitled to a new trial on the ground of newly discovered evidence.

The first question is purely one of fact, on which we find, from a perusal of the record, there was a substantial conflict in the evidence. This court has uniformly held that, where there was a substantial conflict in the evidence, we would not disturb the verdict of the jury, notwithstanding we might feel from our study of the evidence that its weight was with the other side. So in this case, as the jury made its finding upon substantial evidence, we are bound by their verdict.

The newly discovered evidence, shown in the affidavits filed in support of the motion for the new trial, consisted of entries in the appellant's books, and books to which he at all times had access, which contradicted statements made by the respondent Wm. T. Bacon, while on the stand, as to certain business dealings which had theretofore taken place between the parties. Aside from the fact that this could hardly be said to be newly discovered evidence, we think the appellant was at fault in not having

the books at the trial. He was advised by the answers of the respondents, in advance of that time, as to what their defense was going to be, and common prudence would have dictated that he have present at the trial all of his evidence bearing upon the issues made by the pleadings. His showing was plainly insufficient, under the rule announced by this court in *Pincus v. Puget Sound Brewing Co.*, 18 Wash. 108, 50 Pac. 930, and *Reeder v. Traders' Nat. Bank*, 28 Wash. 139, 68 Pac. 461.

Judgment affirmed.