[No. 5340. Decided October 12, 1905.]

PATRICK J. WOODS, *Respondent,* v. GLOBE NAVIGATION COMPANY, *Appellant.*[1]

MASTER AND SERVANT—NEGLIGENCE—FELLOW SERVANTS—MASTER OF SHIP AND SEAMAN. The master of a ship is not a fellow servant with an ordinary seaman obeying his orders in the work of nagivating the ship.

MASTER AND SERVANT—NEGLIGENCE—INJURY TO SEAMAN—DUTY TO WARN OF CHANGE OF COURSE OF SHIP—QUESTION FOR JURY. In an action for personal injuries sustained by a seaman in the navigation of a ship at sea the question of the negligence of the defendant is for the jury, where there was conflicting evidence as to whether it was the duty of the master of the ship to give the seaman warning of an order for the change of course of the ship whereby, as claimed, the seaman might have protected himself from injury.

NEW TRIAL—SURPRISE—DILIGENCE. A new trial on the grounds of surprise from the absence of a witness or from unexpected testimony will be denied unless the claim is promptly made and a continuance asked.

Appeal from a judgment of the superior court for King county, Griffin, J., entered May 23, 1904, upon the verdict of a jury rendered in favor of the plaintiff for injuries sustained by a seaman during a gale at sea. Affirmed.

*Root, Palmer & Brown,* for appellant.

*Wm. Martin* and *W. A. Keene,* for respondent.

CROW, J.—On December 24, 1903, the steamship "Tampico," owned and operated by appellant, the Globe Navigation Company, left Tacoma, Washington, on a voyage to the Hawaiian Islands. Respondent, Patrick J. Woods, who was aboard said ship as an able seaman, was injured while on the Pacific Ocean, and brought this action for damages sustained.

The complaint alleged, that respondent was injured by reason of the negligence and carelessness of the master in

1 Reported in 82 Pac. 401.

charge of said ship; that on January 5, 1903, a hard gale was blowing and the sea was running high; that respondent, being subject to the orders of the master, was directed by him to assist in setting a sail; that while he was so doing, the sheet (a rope attached to the boom) fouled in the shackles, and respondent was directed to loosen the same; that while he was attempting to loosen said sheet, the master, without giving him any warning or notice, ordered the helm "hard down," which said order was executed by the helmsman; that the effect thereof was to quickly change the course of the ship and cause it to broach by suddenly bringing it broadside against the waves of the sea; that in consequence thereof, the waves struck with great force against the side of the ship where respondent was working, and carried him across the deck, causing him to strike against certain iron stanchions, breaking his leg.

Appellant denied that said injury was caused by any negligence on the part of the owners of said vessel; alleged that the broaching of the vessel resulted from the inability of the crew to manage the same, on account of the violence of the elements, and by reason of the fact that the steering apparatus had, as a consequence of violent storms, become out of order; and that, if there was any negligence, it was that of the respondent himself, or of a fellow servant. These affirmative allegations were denied by the reply. Upon a jury trial, a verdict was rendered in favor of respondent for $2,000; and a motion for a new trial being denied, judgment was entered upon said verdict, and this appeal has been taken.

On the trial respondent's contention was that it is the custom of officers in charge of sea-going vessels to give notice and warning to seamen, while in the discharge of their duties, of any sudden change in the course of the ship, so that such seamen may protect themselves from danger resulting therefrom; that, as the master of the Tampico failed to give warning of his order to place the helm hard down, he was

guilty of negligence causing respondent's injuries. Appellant in its brief contends that the owner of a ship is not liable for injuries to an employee caused by the unskillful act of the officers in charge; that, if the ship owners use proper care and diligence in selecting competent officers to command and direct, the company is not liable to a seaman for an injury caused by some particularly poor judgment or unskillful act on the part of such officers while in command; and appellant, at the trial, asked the court to charge' the jury in substance in accordance with this contention. This proposition of appellant is based upon the further contention that, even if negligence be conceded on the part of the master, yet appellant is not liable for the reason that the act of the master was one . done in the operation of the vessel; that the same being an operative act performed in the course of navigation, and not on behalf of the owners, but having to do solely with the boat at a time of peril, was the act of a fellow servant, and the consequence thereof was a risk assumed by respondent, when he entered the service of appellant. In other words, the contention of appellant is that no liability exists upon its part by reason of the fact that the relation of fellow servant existed between respondent and the master of said vessel.

Appellant. has cited numerous authorities which seem to sustain its view. These authorities, however, are taken almost entirely from decisions of the federal courts, in which the fellow servant doctrine is different from that heretofore announced by this court. We think the position of appellant, that the master and respondent were fellow servants, cannot be sustained in view of our former holding in *Keating v. Pacific Steam Whaling Co.*, 21 Wash. 415, 58 Pac. 224, where it was held that the relation of fellow servant does not exist between the captain or mate and an ordinary seaman.

As above suggested, respondent contended that it was the custom on sea-going vessels for a master or mate to give

notice or warning of an order such as the one claimed to
have been given in this case, which was given without such
warning; and that, by reason thereof, respondent, having no
opportunity to protect himself, was injured. All these claims
were strenuously denied by appellant, both in its pleadings
and by evidence upon the trial. From an examination of the
record, we find a serious conflict of evidence on these points.
It therefore became necessary for the court to submit them
to the jury for determination. This was done, and the verdict
justifies us in assuming that the findings were in favor of
respondent. There being ample evidence to sustain the
verdict, it must remain undisturbed.

Appellant made a motion for a new trial, in which it
urged the foregoing points, and also contended that it was
entitled to a new trial by reason of surprise. In support
of said motion, appellant's attorney who tried the case filed
an affidavit showing that one Hall, who had been subpoenaed
as a witness by appellant and had promised to attend the
trial, had, without notifying appellant or its attorney, failed
to appear when wanted; that the testimony of said Hall
was of great importance, and that his unexpected absence
constituted surprise. Said attorney, by his affidavit, also
stated that one Tollefson, the ship's carpenter, made state-
ments upon the witness stand entirely at variance with what
he had previously told appellant and its attorneys, which
statements were very damaging to appellant, and also con-
stituted surprise. Appellant now insists that, by reason of
said surprise, it should be granted a new trial, and that the
trial court erred in refusing the same. A new trial will not
be granted on the ground of surprise arising from the absence
of a witness or from unexpected testimony, unless a claim
to such surprise is promptly made during the trial, and a
continuance asked in order that the party applying may
secure the attendance of the absent witness and produce
evidence to meet the emergency. There is nothing in the
record showing this to have been done. We therefore think

no error was committed by the court in refusing a new trial. 14 Ency. Plead. & Prac., 723; *Pincus v. Puget Sound Brewing Co.,* 18 Wash. 108, 50 Pac. 930; *Reeder v. Traders' Nat. Bank,* 28 Wash. 139, 68 Pac. 461; *Gaines v. White,* 1 S. D. 434, 47 N. W. 524.

The judgment is affirmed.

Mount, C. J., Dunbar, Hadley, Fullerton, and Rudkin, JJ., concur.

Root, J., having been of counsel, took no part.