[No. 7680. Decided January 7, 1909.]

C. J. JENSEN, *Respondent*, v. SPOKANE FALLS & NORTHERN RAILWAY COMPANY, *Appellant*.[1]

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—SURPRISE — DILIGENCE. In an action for goods lost in transit, it is error to grant plaintiff a new trial for newly discovered evidence and surprise, in that two witnesses for defendant testified that a release of liability was signed in their presence by defendant's wife, while an agent of the defendant had admitted to plaintiff's counsel before the trial that there was a dissimilarity in the signatures, leading counsel to expect that such defense would be abandoned, where it appears that such release was set up as a defense, a bill of particulars was furnished in answer to a demand as to when and in whose presence the release was signed, and the wife's signature and authority were admitted in the reply, and the matter was fully gone into on the taking of depositions, and no suggestion of surprise was made at the trial or until after an adverse decision in the cause.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered February 15, 1908, granting plaintiff's motion for a new trial, after a trial before the court without a jury. Reversed.

*M. J. Gordon* and *A. J. Laughon*, for appellant.

*John L. Dirks*, for respondent.

RUDKIN, J.—This action was instituted against the Spokane Falls & Northern Railway Company and the Great Northern Railway Company, to recover the value of certain household goods shipped over the line of the former company from the Little Dalles to Spokane, and lost in transit. Among other defenses interposed, the separate answer of the Spokane Falls & Northern Railway Company alleged that, in express consideration of the freight rate for which it agreed to transport the goods, and as a condition upon which the goods were to be transported for such rate, the

[1]Reported in 98 Pac. 1124.

plaintiff signed a special contract which is set forth in the answer, by the terms of which the liability of the railway company for the loss of the goods was limited to $5 per hundred-weight. By his reply the plaintiff expressly admitted the signing of this shipping receipt or bill of lading. The case was tried before the court without a jury, and at the conclusion of the trial the court found the facts as alleged in the separate answer, found that the plaintiff had signed the limited liability contract, and ordered judgment in favor of the plaintiff and against the Spokane Falls & Northern Railway Company for the sum of $11.25, being at the rate of $5 per hundred-weight for the goods lost. The action was dismissed as to the Great Northern Railway Company. A motion for new trial was thereafter interposed by the plaintiff on the ground of newly discovered evidence, and accident and surprise which ordinary prudence could not have guarded against. The motion was granted as to the Spokane Falls & Northern Railway Company, solely on the ground of accident and surprise; and from the order granting the new trial, that company has appealed.

At the trial of the action two witnesses for the appellant testified that the wife of the respondent signed the special contract or shipping receipt set forth in the answer, in their presence, at Northport, Washington, and the respondent admitted that his wife had authority to sign the contract in his behalf, if she did so. The accident and surprise for which the new trial was granted arose out of the following facts. The respondent made affidavit that, on or about May 12, 1907, the city agent of the Great Northern Railway Company at Butte, Montana, exhibited to him and his attorney a carbon copy of the contract set forth in the answer, that the respondent and his attorney and the Great Northern agent compared the signature *C. J. Jensen* appearing on the carbon copy with signatures written by the respondent's wife, as the same appeared in certain letters written by her before the present controversy arose; that the Great Northern agent

admitted that there was no similarity between the signature affixed to the carbon copy and the signature appended to the letters exhibited to him; that, in view of the admissions made by this agent, the respondent did not understand or believe that an attempt would be made to prove that his wife signed his name to the special contract, and that, if he had so understood or believed, he could have produced a large number of letters written by his wife which would show that it was a physical impossibility for her to write or sign his name in the style, manner or appearance that the same appeared in the written contract.

It will thus be seen that the respondent was surprised solely because of his reliance on certain statements or admissions made by an agent of the Great Northern Railway Company at Butte, Montana. But, aside from the fact that this agent had no authority to bind either this appellant or his own company by any such statements or admissions, and the further fact that the respondent had no right to rely upon them, it clearly appears that the respondent's attorneys were neither surprised nor misled, and it is a significant fact that the Montana attorney, who was present at the time the admissions were made and who afterward examined the respondent and his wife at the time their depositions were taken, makes no such claim in his affidavit filed in support of the motion. The record before us affords abundant evidence that the respondent's attorneys were at all times fully aware that this special contract was a vital issue in the case. The appellant's answer setting forth a copy of the contract was filed on January 23, 1907. On January 30, 1907, the respondent demanded a bill of particulars stating at what station the special contract was signed, on what date, and in whose presence. On February 2, 1907, the bill of particulars was furnished, stating that the contract was signed at Northport, Washington, on the 18th day of August, 1905, in the presence of the Company's cashier, W. C. Stevens, and others whose names the appellant was unable to recall. On

February 13, 1907, a reply was filed by the respondent formally admitting the signing of the bill of lading as set forth in the answer, and that reply has never been changed or amended so far as the record discloses.  When the depositions of the respondent and his wife were taken in Montana, two days after this conversation with the Great Northern agent at Butte, the question of the signing of this contract by the respondent's wife was fully gone into on both direct and cross-examination; and when the respondent's attorney stated, in the course of taking the depositions, that he and the Great Northern agent had compared the signature appearing on the carbon copy of the contract with other signatures of Mrs. Jensen and concluded that the signature on the carbon copy was not the signature of Mrs. Jensen, counsel for appellant promptly objected to the statement on the ground that the same was incompetent, irrelevant and immaterial.  No suggestion of accident or surprise was made to the court at any time during the trial, nor until after the adverse decision was announced.

It seems to us that a bare inspection of this record should convince one, without argument or citation of authority, that the claim of surprise, as that term is understood in the law, is wholly unfounded, and that the new trial was improvidently granted.  Before a new trial can be granted on the ground of surprise, it is indispensable that the applicant should show:  (1)  That he was surprised in fact;  (2) that ordinary prudence on his part would not have guarded against it; and (3) that the claim of surprise was promptly made known to the trial court and a continuance asked for. In our opinion the showing made in this case is lacking in all three of these essentials.  *Wilson v. Waldron*, 12 Wash. 149, 40 Pac. 740; *Pincus v. Puget Sound Brewing Co.*, 18 Wash. 108, 50 Pac. 930; *State v. Power*, 24 Wash. 34, 63 Pac. 1112; *Reeder v. Traders' Nat. Bank*, 28 Wash. 139, 68 Pac. 461; *State v. Vance*, 29 Wash. 435, 70 Pac. 34; *Clemans v. Western*, 39 Wash. 290, 81 Pac. 824; *Dumontier*

*v. Stetson & Post Mill Co.*, 39 Wash. 264, 81 Pac. 693; *Woods v. Globe Navigation Co.*, 40 Wash. 376, 82 Pac. 401.

When a case has been once finally tried and a decision rendered, the state, as well as the successful litigant, has an interest in the result, and a retrial should not be granted on any such showing as appears in this record.

The order granting the new trial is reversed, with directions to enter judgment on the findings of fact and conclusions of law.

HADLEY, C. J., FULLERTON, CROW, MOUNT, and DUNBAR, JJ., concur.