[No. 9350.    Department Two.    October 25, 1911.]

Chicago, Milwaukee & Puget Sound Railway Company, *Appellant*, v. Frank H. Thayer *et al.*, *Respondents*.[1]

Eminent Domain—Appeal—Review—Verdict. A jury's award of damages in a condemnation case will not be disturbed on appeal, on conflicting evidence of values, where it is supported by substantial evidence; notwithstanding Rem. & Bal. Code, § 931, providing that an appeal presents the justness of the award.

Eminent Domain—Damages—Remoteness. Where condemnation for a railroad right of way increased the expense of shipping shingle bolts upon lands not taken, the loss is an element of damages not too remote or speculative.

[1]Reported in 118 Pac. 318.

NEW TRIAL — SURPRISE — NOTICE OF ISSUES — EMINENT DOMAIN. Where, on the opening of a condemnation trial, which lasted several days, defendant's counsel gave notice of a claim for damages by reason of additional expense in shipping shingle bolts on the land, which was only twenty miles away, the relator cannot after verdict claim surprise from such a claim entitling it to a new trial; no claim of surprise or continuance being asked at the time notice was given.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE. In a condemnation case, a new trial for newly discovered evidence as to the damages to land not taken is properly denied for want of diligence, where the relator's engineers had visited and examined the land and should have advised themselves as to the situation before the trial.

CHADWICK and MORRIS, JJ., dissenting.

Appeal from a judgment of the superior court for King county, Gay, J., entered December 22, 1910, upon the verdict of a jury awarding damages in condemnation proceedings.    Affirmed.

*H. H. Field* and *Charles S. Gleason,* for appellant.

*Jay C. Allen,* for respondents.

CROW, J.—This action was commenced by Chicago, Milwaukee & Puget Sound Railway Company, a public service corporation, against Frank H. Thayer and Lottie Thayer, his wife, to condemn land for railway purposes.    After a public use had been adjudged, a jury returned a verdict in favor of the defendants in the sum of $7,890, and the petitioner has appealed from the judgment entered thereon.

Respondents own a farm of about 150 acres, in King county, upon the east bank of the Snoqualmie river.    Some time prior to the commencement of this action, the Everett & Cherry Valley Traction Company obtained a right of way over and across their land, extending from north to south, and at the time of the trial herein had practically completed its railroad thereon.    Appellant sought to condemn a separate right of way, 100 feet in width, immediately west of that of the traction company.    Respondents have about 42

acres of valuable bottom land to the west, and 100 acres or
more of upland to the east of the traction company right of
way.   In the westerly tract along with the bottom land is a
limited piece of upland, which is the only point suitable or
available for a building site west of the traction company line,
as all other portions of the westerly land are subject to over-
flow.   As a part of the land it seeks to condemn, appellant
will take most if not all of this building site, leaving no suit-
able building location in connection with the bottom land.

The elements of damages claimed are, (1) the value of the
land taken by the right of way, and two small triangular
tracts conceded to be rendered worthless, amounting in all to
5.04 acres; (2) damages to the remaining 37 acres of the
bottom land or western tract, mostly occasioned by the taking
of the only available building site; (3) damages to the up-
land or eastern tract; (4) value of a barn which will be taken;
and (5) damages occasioned by an increased cost of market-
ing shingle bolts from the upland.

Appellant insists the damages are excessive.   They are
largely in excess of estimates made by appellant's witnesses,
but are well within estimates made by respondents' witnesses.
In a condemnation proceeding the just compensation to be
awarded an owner of private property must be ascertained
by a jury unless a jury be waived.   Const., art. 1, § 16.   The
jury did not view the premises, but evidence admitted was
sufficient to sustain their verdict.   Evidence introduced by
respondents was, that the bottom land was worth from $400 to
$500 per acre; that the 37 acres of bottom land not taken
will be damaged at least one-third of its value; that the five
acres actually taken and rendered useless are worth from
$2,500 to $3,000; that the upland will be damaged from
$180 to $1,000; that a barn to be taken is worth from $500
to $600; and that additional damages, resulting from the
increased cost of shipping cedar shingle bolts from the up-
land, will be from $1,500 to $1,800.   A brief calculation based
upon these estimates will readily show they are sufficient to

sustain even a larger verdict than the one returned.    While it is undoubtedly true that the evidence of witnesses produced by appellant would justify a much smaller award, the jury were entitled to accept the evidence of respondents' witnesses, which they did.    In the case of *In re East Spring Street*, 41 Wash. 366, 370, 83 Pac. 242, citing numerous authorities, we said:

"Courts should be slow to overturn verdicts rendered in proceedings of this kind."

While it is true, as appellant contends, that under Rem. & Bal. Code, § 931, appeals in condemnation cases bring before this court "the propriety and justness of the amount of damages in respect to the parties to the appeal," it is obvious that we cannot pass upon the facts by substituting our judgment for that of the jury in ascertaining the compensation or damages to be awarded, nor can we disturb the verdict of the jury if there is evidence in the record sustaining the award they have made.    The evidence before us, although conflicting, is unquestionably sufficient for that purpose.

Under the assignments of error presented, one question we can consider as tending to affect the damages awarded is whether the trial judge erred in admitting evidence over appellant's objection.    Respondents offered evidence to show they had more than 6,000 cords of shingle bolts on their upland, which they could readily transport to market by the river adjoining their bottom land, and that if appellant graded its right of way for a width of 100 feet immediately west of the traction company, they would be compelled to ship by another route at an additional expense.    Appellant contends the trial judge erred in overruling its objection to this evidence, and that the damages thus claimed are too speculative to be submitted to the jury.    The value of the shingle bolts would certainly vary in proportion to a greater or less cost of shipment.    If the condemnation, by increasing the expense of shipment, would render them less valuable, re-

spondents' resulting loss would be an element of damages not too remote or speculative to be shown on the trial. The evidence was properly admitted.

Appellant further contends the trial court should have granted its motion for a new trial, on the grounds of surprise and newly discovered evidence. By affidavits filed in support of its motion, appellants contended that it had been misled by previous statements made by respondents and their attorney relative to the various items of damages they would present; that appellant could not, and did not, anticipate any claim for additional expense of shipping shingle bolts; that when appellant and respondents were negotiating for a settlement, and a purchase of the right of way by appellant, no allusion was made to the item of shipping shingle bolts by respondents or their attorney, although all other elements of damages were then mentioned; that after the trial appellant caused the upland to be cruised, and discovered not to exceed 500 cords of shingle bolts; and that the means of shipment upon which respondents relied have long since been abandoned. Appellant is in no position to claim surprise. Respondents were not required to file an answer, nor did they do so. Their attorney in his opening statement at the commencement of the trial, before evidence was introduced by either party, announced that this item of damages, arising out of additional expense which respondents would necessarily incur in shipping some 6,000 cords or more of shingle bolts, would be presented. This statement advised appellant of their claim. The trial continued for several days. The land was not more than twenty miles from the courthouse. Appellant did not claim surprise, did not demand a continuance, nor does the record show that it insisted upon the jury being afforded a view of the land. It could not speculate upon the probable verdict of the jury, and later, when dissatisfied with the one returned, for the first time interpose its claim of surprise by motion for a new trial. *Pincus v. Puget Sound Brewing Co.*,

18 Wash. 108, 50 Pac. 930; *Reeder v. Traders' Nat. Bank*, 28 Wash. 139, 68 Pac. 461.

Nor do we think appellant has shown due diligence in obtaining the evidence it now claims to be newly discovered. Its engineers went upon the land and made a plat of a large portion thereof. Its witnesses visited and examined the land. Appellant knew it would be required to compensate respondents, not only for land condemned, but also for damages to that portion of their land which was not to be taken. It should have advised itself of the situation and surrounding circumstances before entering upon the trial. If it failed to do so, it was not diligent, and must abide the consequences. Appellant's affidavits as to all material issues were flatly denied by other affidavits filed on behalf of respondents. The verdict seems to be large, from the standpoint of the evidence of appellant's witnesses. Appellant is dissatisfied, and doubtless thinks the damages excessive and unjust. They were ascertained and awarded by a jury as the constitution directs, and the evidence is amply sufficient to sustain the award.

The judgment is affirmed.

DUNBAR, C. J., and ELLIS, J., concur.

CHADWICK, J. (dissenting)—I cannot concur in the judgment of the majority of the court. The court has considered and allowed to stand, as an item of the general damages resulting to respondents, an item of from $1,500 to $1,800 for the increased cost of hauling cedar shingle bolts from the upland across the tracks of the appellant to the Snoqualmie river. This item was allowed to go to the jury upon a fundamentally wrong theory. When upon the stand, the respondent Frank H. Thayer was asked what, if any, damages he would sustain by reason of having to carry the shingle bolts across appellant's tracks, he replied that he had between six and seven thousand cords, and that it would cost from forty to fifty cents a cord extra. Like testimony was received from other witnesses. It will thus be seen that the jury would have

been warranted in returning damages upon this item up to $3,500. When the testimony was offered, counsel for appellant objected, saying that "the rule is well established that it is the general market value of the land and the depreciation of the value of the land or the circumstances surrounding it," etc. that should govern the court in passing upon the admissibility of this testimony, and that the personal conclusion of the witnesses should not be received, because it was speculative. The majority are of the opinion that specific objection should have been made that the respondents were pursuing a wrong measure of damages. They are also of the opinion that it was incumbent upon the appellant to offer testimony showing the true measure of damage; and not having done so, or requested a specific instruction, that it cannot now be heard to complain. It seems to me that this reasoning is highly technical. It should be enough that the measure suggested in the question was challenged upon any ground which questioned its correctness; and when the court had ruled and thus held it the proper measure of damages, appellant had a right to, and it was its duty, to abide by the decision of the court, for the ruling fixed the law of the case. *LaRault v. Palmer*, 51 Wash. 664, 99 Pac. 1036, 21 L. R. A. (N. S.) 354; *Nelson v. Western Steam Nav. Co.*, 52 Wash. 177, 100 Pac. 325; *Spokane Valley Land & Water Co. v. Jones & Co.*, 53 Wash. 37, 101 Pac. 515.

Nor do I think that there was any burden on the appellant to offer testimony as to the true measure of damages. The law will presume that damages have resulted to a party when his property is taken for public or *quasi* public use. But the amount of that damage is for the claimant to establish by competent proof, under the true measure.

Now as to the measure of damages. A branch of the Great Northern road is already established over respondents' property. The line projected by appellant runs parallel thereto. At one point the two lines converge. If the line of appellant had never been built, it would have been necessary

for respondents to move their shingle bolts over the tracks of the Great Northern road.   Appellant offered to give a grade crossing and an underground crossing, and the only damages that could possibly result on account of this item would be the added cost of grading a road sufficient for the hauling of shingle bolts between appellant's track and the river or the low land bordering the river.   The fallacy of the trial judge's ruling is shown in this, that the cost of moving shingle bolts should not be estimated at so much per cord, for it would cost as much to move one cord of shingle bolts as it would six thousand; that is, the damage for which appellant is liable would be the cost of grading the road.   It may cost $1,500, $1,800, or $3,000; but it is more likely, from the testimony and maps that we have before us, that the cost would hardly amount to more than $100.   At any rate there is no testimony upon the subject, and appellant should not be called upon to pay more than the damages actually suffered.   Believing then that the case went to the jury upon a wrong theory and that an injustice has been done, I believe that the case should be reversed, with directions to re-submit the case to a jury under proper evidence and instructions as to the true measure of damage.   To hold otherwise is to make justice depend upon the wit of counsel rather than upon the facts and the law applicable thereto.

MORRIS, J., concurs with CHADWICK, J.