[No. 17178.   Department Two.   August 3, 1922.]

ERIC G. ANDERSON, *Appellant*, v. GEORGE J. BAUER *et al.*,
*Respondents.*[1]

MASTER AND SERVANT (20-1)—WORKMEN'S COMPENSATION ACT—
ELECTION OF REMEDIES—EVIDENCE—SUFFICIENCY.  A servant's action
for injuries sustained away from the plant will not be held barred
by an election to claim industrial insurance, where plaintiff's ad-
mission of aid received did not show the filing of a claim before
suit was brought, and defendant tendered no issue or proof thereof.

APPEAL (176)—COMMENCEMENT OF PERIOD OF LIMITATION—REN-
DITION OR ENTRY OF ORDER.  Where a new trial was granted and noted
by the clerk, but no formal order signed, and respondent thereafter
proposed a formal order, which after reargument of the motion, was
granted and the order signed, the time for taking an appeal runs
from the date of the formal order.

NEW TRIAL (35)—NEWLY DISCOVERED EVIDENCE—RECORDS.  A new
trial for newly discovered evidence is properly denied when the
evidence was a matter of public record.

SAME (35)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.  A new
trial for newly discovered evidence which was a matter of record
should be denied where appellants did not use diligence but waited
until verdict went against them and sought to secure a new trial
on other issues.

HOLCOMB, J., dissents.

ON REHEARING.

APPEAL (406) — REVIEW — DISCRETION — NEW TRIAL — SEVERAL
GROUNDS.  Error cannot be assigned upon the granting of a motion
for new trial, on account of lack of diligence in discovering the new
evidence, where the motion was based upon five grounds, all of
which were considered, including the insufficiency of the evidence
to sustain the verdict, as to which no abuse of discretion appears.

Appeal from an order of the superior court for King
county, Brinker, J., entered January 13, 1922, granting
a new trial, after the verdict of a jury rendered in favor
of the plaintiff, in an action for personal injuries.
Affirmed.

[1]Reported in 208 Pac. 259, 213 Pac. 477.

*Russell & Blinn,* for appellant.

*Morris B. Sachs (W. U. Park,* of counsel), for respondents.

Hovey, J.—Appellant sued respondents for personal injuries received by him through the negligent operation of an automobile belonging to the respondents Bauer.

Upon the trial, respondents sought to prove by appellant that he had made application to the industrial insurance commission for an allowance for the same injury, but were unable to prove whether this application had been made before or after the commencement of the present action. The injuries were received while appellant was away from the plant of his employer, and he received two small sums from the commission. If the claim was filed before the present action was commenced it would operate as a bar. Rem. Comp. Stat., § 7675; *Carlson v. Mock,* 102 Wash. 557, 173 Pac. 637. This issue was not tendered by the respondents in their answer, and beyond the admission of the appellant, no proof was made as to appellant's receiving any aid from the industrial insurance commission.

The jury returned a verdict for $1,800, and a motion for a new trial was granted by the trial judge on the 24th of December and noted by the clerk, but no formal order was signed by the judge at that time, and thereafter, in January, attorneys for respondents served the proposed order granting the motion for a new trial upon the attorneys for appellant, with a notice that the same was to be heard on January 5 following. On the latter date, attorneys for appellant secured from the trial judge permission to reargue the motion for a new trial, and upon January 13 the court again granted the motion and at that time signed the formal order which had been served to be entered as of January 5.

Appellant perfected his appeal within proper time if computed from January 13. Respondents moved to dismiss, contending that the time should date from December 24. The first order actually signed by the trial judge being on January 13, and the attorneys for respondents having elected to make their record in this manner, we think they are precluded from claiming any benefit, if such they have, from prior journal entries of the clerk.

The judge before whom the case was tried retired from office and the motion for a new trial was passed upon by another judge, and according to the statement of facts as certified to this court, the latter judge had before him and disposed of the motion for a new trial upon a certified copy of the proceedings before the industrial insurance commission and the affidavit of the attorney for appellant. The motion for a new trial assigned many of the statutory grounds, but the only one to which this record is pertinent would be that of newly discovered evidence.

Evidence which is a matter of public record is not sufficient ground for the granting of a new trial. *Starwich v. Ernst,* 100 Wash. 198, 170 Pac. 584.

We consider further that respondents did not exercise due diligence in promptly moving for a continuance if they wished to introduce evidence on this phase of the case, and that they could not wait until the verdict had gone against them and secure a new trial on other issues. *Pincus v. Puget Sound Brewing Co.,* 18 Wash. 108, 50 Pac. 930; *Woods v. Globe Nav. Co.,* 40 Wash. 376, 82 Pac. 401; *Jensen v. Spokane Falls & N. R. Co.,* 51 Wash. 448, 98 Pac. 1124. We have previously held that this evidence could not be considered by the court upon an application to grant a judgment *non obstante (Anderson v. Bauer,* 117 Wash. 70, 200 Pac. 576) wherein the cause was reversed for the

consideration of the motion for a new trial. As it now develops that the new trial was disposed of on this one ground alone, the evidence not being available for that purpose, we conclude that the trial court was in error, and the cause will be reversed with directions to enter judgment upon the verdict.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.

## ON REHEARING.

[*En Banc.* March 10, 1923.]

MITCHELL, J.—A petition for a rehearing having been granted, the cause has been reargued and submitted to the court *En Banc.*

The motion for a new trial was based on five statutory grounds, viz.: Irregularity in the proceedings of the court, jury and adverse party; excessive damages; insufficiency of the evidence to justify the verdict; newly discovered evidence; and errors in law occurring at the trial. The judge before whom the jury trial was had and who certified to the statement of facts of that trial retired from office and the motion for a new trial was heard and granted by another judge.

In the briefs on the appeal, it was insisted by the appellant, at the Departmental hearing, that the only matter considered by the trial court in granting the motion was that feature of it relating to newly discovered evidence. His argument was devoted to that one thing. And while it is true the brief of the respondents and their argument before the Department were devoted largely to a discussion of that same matter, they nevertheless did present, with scant reference to the record, the contention that the motion for a new trial was considered upon all five grounds upon which

it was based, and on all the files and records in the case. This last contention of the respondents has now been amplified and made clear by a petition for a re-hearing and the arguments before the whole court; and upon further consideration of the cause, we are of the opinion that, while the judge who passed upon and granted the motion for a new trial had before him a certified copy of the proceedings before the industrial insurance commission, supporting the claim of newly discovered evidence, and the affidavit of the appellant, as stated in the Departmental opinion, it was in-advertently stated in that opinion that the only one of the statutory grounds for a new trial that were men-tioned "to which this record is pertinent would be that of newly discovered evidence." Our attention has now been called specifically and in detail to the fact that, in the affidavit of the appellant referred to, reference was made to the statement of facts of the trial before the jury, and of a number of things occurring in the trial as shown by the statement of facts, and of a spe-cific statement or averment in the affidavit that "affiant hereby refers to and makes a part of this affidavit, the statement of facts." Without question, the statement of facts, already certified to, was in existence at that time, and since it is recited in the order granting the new trial that the motion therefor was heard "upon the files and records in this cause," respondent is in no position to deny, and we must assume, that the record was pertinent, not only to the question of newly discovered evidence, but also to the other grounds of the motion, and that it was used for the purpose of disposing of the motion in all respects. The order granting the new trial nowhere limits or specifies the grounds for the order, but in general terms sets aside the verdict and grants a new trial.

Finding that the record of the trial and the proceedings in the case prior thereto were all before the trial court in passing on the motion for a new trial, the situation calls for the application of the general rule not to disturb on appeal an order granting a new trial where no abuse of discretion appears. In this case we find no abuse of discretion. The opinion of the Department reversing the order for a new trial is set aside. The order appealed from is affirmed.

All concur.