[No. 10584.   Department One.   September 30, 1913.]

OLE WAHLER, *Respondent*, v. SAN JUAN FISHING & PACKING
COMPANY, *Appellant*.[1]

MASTER AND SERVANT—INJURIES TO SEAMAN—NAVIGATION—CHANGE
IN COURSE—WARNING—NEGLIGENCE—EVIDENCE—SUFFICIENCY.   It is
not actionable negligence for the master of a vessel, during a heavy
sea, to fail to give notice or warning to an experienced seaman of a
change in the course of the ship, whereby the ship was struck broad-
side by heavy waves, causing a dory which the seaman was engaged
in lashing to fall upon him, where there was no evidence of any
duty, rule or custom to give warning of changes in course.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered March 21, 1912, upon the ver-
dict of a jury rendered in favor of the plaintiff, for personal
injuries sustained by a seaman employed on a fishing steamer.
Reversed.

*Farrell, Kane & Stratton,* for appellant.

*Arctander, Halls & Jacobsen,* for respondent.

CROW, C. J.—Action by Ole Wahler against the San Juan
Fishing & Packing Company, a corporation, to recover dam-
ages for personal injuries.   From a verdict and judgment
in plaintiff's favor, the defendant has appealed.

The appellant corporation owned and navigated the steam-
er "Grant," a fishing boat.   The respondent, Ole Wahler, a
fisherman, was employed by appellant on the steamer.   He
alleged that, while the steamer was near southeastern Alaska,
in waters along the coast of Coronation Island, it encountered
a heavy running sea; that he was ordered by the second
mate, appellant's employee, to lash or fasten six small boats
or dories to the steamer's deck near a bait tank; that the
dories were parallel with the bait tank; that while respondent
was securing the dories, and while the ship was running with

[1]Reported in 135 Pac. 27.

the sea, the master, without notice or warning to respondent, suddenly changed the course of the ship, which caused it to be struck broadside by the heavy waves; and that, in consequence thereof, the dories fell upon respondent, causing the injuries of which he now complains. The only negligence charged is that the master, without warning, changed the course of the vessel while respondent was obeying an order given by the mate, and thereby caused the accident.

Appellant contends that the trial court erred in denying its motion for a nonsuit, for a directed verdict, and for a new trial. These assignments involve the same question and can be considered together.

A shipowner, in the discharge of his obligations to a seaman employed upon the ship, is bound to provide a seaworthy vessel, furnished with all necessary and customary equipment and requisites for navigation, and also with a competent crew. It is not claimed by the respondent that any defect existed in the ship or any part of her equipment, nor is it shown that any one of the crew was incompetent, or that the appellant was negligent or failed to exercise reasonable care in the selection of its crew. The only negligence urged is that the master, without warning, changed the course of the vessel, and that, in so doing, he caused respondent's injuries. Respondent was an experienced seaman who had been employed on appellant's ship for a number of seasons, was familiar with the dangers and hazards of his occupation, and the controlling question before us is whether the master was required to notify him of the change he was about to make in the course of the ship. After a careful examination of the record, we fail to find evidence of any rule or custom requiring the giving of such a warning. Respondent, in his testimony, says "he thinks" the master should have given him some notice or warning, but this was his opinion only. There was no evidence to sustain a finding that appellant was negligent. At the time the master changed the course of the vessel, the dories were being taken in, and there was still one dory on the

waters of the sea, about a mile or more from the vessel; and the vital question is whether the master, in steering the vessel towards this dory, was entitled to change the course without warning respondent. There is no evidence that any such duty was imposed upon him, or that he violated any known rule or custom when he made the change.

Respondent, in support of his contention that the master should have given notice, and was guilty of negligence in failing to do so, cites *Woods v. Globe Navigation Co.*, 40 Wash. 376, 82 Pac. 401. We there held that whether the master should have warned plaintiff before changing the course of the ship under conflicting evidence there presented was a question for the jury. There is no conflict of evidence as to the duty of the master in this case. In fact, the record is utterly devoid of any evidence whatever as to his duty in this regard. For this court, in the absence of any evidence of a duty or custom to hold that the master of a ship should always notify the members of the crew of an intended change in the course of the vessel, would impose an obligation upon shipowners which would render navigation practically impossible.

No negligence being shown, the judgment is reversed and the cause is remanded with instructions to enter an order of dismissal.

MOUNT, PARKER, GOSE, and CHADWICK, JJ., concur.