## CHARLES REINHARDT *v.* COUNTY OF MAUI.

## No. 961.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

HON. W. S. EDINGS, JUDGE.

ARGUED SEPTEMBER 1, 1916.          DECIDED NOVEMBER 17, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

DAMAGES—*pain and suffering endured pendente lite—evidence.*

> Where the plaintiff sues upon only one cause of action to recover damages for a personal injury received by reason of the defendant's negligence he may recover for pain and suffering endured by him after the action was commenced if the evidence shows that such pain and suffering were caused by the defendant's alleged negligence.

SAME—*medical services—evidence.*

> In an action to recover damages sustained by reason of the defendant's negligence the plaintiff to recover for expenses incurred for medical services must show that such services were necessary and the charges therefor reasonable.

SAME—*Workmen's Compensation Act—negligence of third party.*

> Where an employee is injured by reason of the negligence of

a third party he may under the Workmen's Compensation Act bring an action against such third party to recover damages caused by such negligence.

COUNTIES—*costs.*

In an action against the county for personal injuries received by reason of a defective condition of a public highway the plaintiff cannot recover from the county expenses incurred in procuring evidence as section 2543 R. L. exempts counties from payment of costs.

EXCEPTIONS—*new trial—remitting portion of judgment.*

Where on exceptions to this court it appears from the record that the trial court improperly admitted evidence of items of expense incurred in certain particulars which probably were included in the judgment, no other error appearing, the appellate court will overrule the exceptions upon the condition that plaintiff within a given time remit that portion of the damages apparently recovered by reason of such erroneous evidence, and order that upon plaintiff's failure to remit such items of damage a new trial be granted the defendant.

OPINION OF THE COURT BY QUARLES, J.

The plaintiff sued the defendant county for damages for an injury received through falling into a ditch upon and across the public highway. To the complaint the defendant filed a demurrer upon the ground that the defendant was not liable for injuries resulting from its failure to repair its highways. This demurrer was overruled by the trial court, and on interlocutory exceptions this court affirmed an order overruling the demurrer (*ante* p. 102). Thereafter the cause was submitted to the trial court, without a jury, upon the pleadings and proofs, the court deciding in favor of the plaintiff and assessing his damages at $2,000. The cause comes here on exceptions to various rulings of the court and to the decision and judgment.

Exceptions 1, 2 and 6 relate to the action of the trial court in permitting the plaintiff to prove that he lost time from his occupation and suffered pain by reason of the

accident after the complaint was filed, on the ground that such evidence was incompetent and immaterial. The court evidently admitted such evidence upon the theory that the injury received by the plaintiff was caused by an act of negligence on the part of the defendant and was based upon one and only one cause of action, upon which the plaintiff is entitled to recover damages to the date of trial which result directly from such injury. The common law ruling formerly obtainable limiting the plaintiff in a personal action to recover damages to such as occurred prior to the commencement of the action has been modified and damages sustained by reason of the cause of action sued on between the time of commencing the action and the trial thereof may also be recovered (8 R. C. L. p. 540, par. 92; 8 Am. & Eng. Enc. of Law, 2d ed., 680, and authorities cited in notes to the text).

Exceptions 3, 4 and 5 relate to the admission of evidence tending to show that the plaintiff after instituting the action expended moneys to the extent of some $300 in traveling expenses and fees for medical services. It appears that a short time after the institution of the action the plaintiff went from Hana to Wailuku to consult Dr. Rothrock and obtain X-ray photographs showing his injuries; Dr. Rothrock having no X-ray machine plaintiff went from Wailuku to Hilo to consult Dr. Irwin, who had an X-ray machine and who could take the desired photographs, but who informed the plaintiff that he would not be able to attend the trial and testify; thereupon the plaintiff went from Hilo to Honolulu and from Dr. Straub obtained some X-ray photographs showing his injuries. Plaintiff received some medical services from both doctors Irwin and Straub and testified that he paid them more than $200 for assistance. He also testified that his traveling and other expenses on these trips amounted to $100. This evidence was objected to by the defendant on the ground that it was incompetent,

irrelevant and immaterial, and on the further ground that the expenses incurred were expended in an effort to obtain evidence for the trial and that such expenses were incurred after the commencement of this action. Just how much was paid the physicians for medical services proper and how much for the X-ray photographs is not disclosed in the evidence, nor was there any evidence showing that the medical services were necessary or reasonable. It is apparent that such portions of the expenditure claimed as were incurred in attempting to obtain evidence are not competent, inasmuch as the defendant county is exempt from the payment of costs by reason of the provisions of section 2543 R. L. In the absence of a showing that by reason of his injuries, received in the manner alleged, the plaintiff necessarily traveled to Hilo and Honolulu to obtain medical services and that the charges therefor were reasonable and separate from the expense of obtaining the X-ray photographs to use as evidence, the evidence objected to was incompetent.

Exception 7 relates to the action of the court in admitting evidence tending to show that a street lamp was formerly located on the highway near the place where the accident occurred and that the same was removed a short time prior to the accident. The defendant objected to such evidence as incompetent, but as plaintiff testified that he knew of such light being near the gate of the witness Kaleo, to whose house he was going, and that he was looking for such light, this evidence explained why he passed Kaleo's house, and was competent for that purpose.

Exception 8 relates to the action of the court in admitting evidence that the county engineer and the road overseer in the district where the accident occurred were notified of and saw the washout in the road at the place where the accident occurred the day after the washout, in April preceding the accident. This evidence was introduced osten-

sibly for the purpose of showing knowledge of the defect in the highway, which caused the injury, on the part of the agents and servants of the defendant and to bring knowledge home to the defendant of such defect. We think the evidence was properly admitted.

The remaining exceptions relate to the action of the court in denying the defendant's motion for a nonsuit and to the decision in favor of the plaintiff. The motion for nonsuit was based upon three grounds (1) that plaintiff was barred by the provisions of the Workmen's Compensation Act (Act 221 S. L. 1915) from maintaining this action; (2) that there is no allegation or proof that the supervisors of the County of Maui had any notice or knowledge of the defective condition of the road at the place where the accident occurred; (3) that the plaintiff was guilty of contributory negligence which precludes him from recovering against the defendant. We think the motion for nonsuit was properly denied. Plaintiff was not barred from suing the defendant by reason of being an employee of the Kaeleku Sugar Co., and by reason of such employment having to travel upon the highway where injured in discharging a duty to his employer. Upon this point the defendant cites two authorities, *Peet* v. *Mills*, 76 Wash. 437, and *Meese* v. *N. P. R. Co.*, 206 Fed. 222, both of which cases arose under the Workmen's Compensation Act of Washington, which act provides that an employee shall not maintain an action against third parties for an injury received while working in the employment of his employer. Section 5 of our Workmen's Compensation Act (S. L. 1915, p. 324) expressly provides that the employee in such case may elect to sue the third party or look to his employer for compensation. There is no evidence whatever showing that the plaintiff made a claim against his employer for the injury received or that he filed with the industrial accident board a claim for compensation on account of the injuries complained of, hence, on the record,

we must hold that he elected to hold the third party responsible, and not look to his employer for compensation. It is unnecessary to decide in this case whether an employer is liable for compensation to an employee for an injury received by the latter while performing an act casually related to his employment off of the premises where the employer's business is conducted and we express no opinion as to such question. If the employer is liable under such circumstances, then under the Workmen's Compensation Act the employee has the right of election to proceed against the employer or against a third party whose negligence causes the injury. If the employer is not liable under such circumstances, the injured party can only look to the negligent third party for compensation. The evidence shows that a washout on the highway at the point where the accident took place occurred in April preceding the accident, leaving a trench or gulch more than twenty feet in width and more than twelve feet in depth in the highway; that the following day notice of the washout was brought home to the county engineer of the defendant and the road overseer of the district in which the highway was located and that the latter informed one of the supervisors of the defendant county of the washout three days after it occurred; that this defect was not remedied but the road was permitted by the defendant county to remain in that condition until the following August without guard rails, lights or other protection, when the plaintiff walked into the hole made by this washout during a dark night, without fault upon his part. The lapse of time from the occurrence of the washout until the injury to the plaintiff should raise the presumption that the supervisors of the county, charged with the duty of maintaining the highways of the county in a reasonably safe condition, should have known of such defect in the highway. There is evidence in the case of the

bringing of such knowledge home to the officers of the county charged with the duty of repairing the highway, including one of the supervisors of the defendant county.

It may be that in estimating the damages of the plaintiff the court did not allow as an item thereof the traveling expense and fees paid to doctors at Hilo and Honolulu, yet, inasmuch as the court in its decision says that the plaintiff "was put to considerable monetary expense for medical treatment, etc.," we assume that it did allow as a part of the plaintiff's damages traveling expense and money paid to doctors Irwin and Straub to the extent of $300, but which should not have been allowed under the evidence. We therefore have concluded to overrule the exceptions upon the condition that the plaintiff, within ten days from the filing of this opinion, file in the court below a writing, signed by him, or his attorneys, remitting $300 of the judgment in his favor in this action, a duplicate of which writing shall be filed in this court within such time, otherwise the judgment of this court will be entered sustaining the exceptions and granting the defendant a new trial, and it is so ordered.

*E. Vincent* (*D. H. Case* with him on the brief) for plaintiff.

*E. R. Bevins,* County Attorney of Maui, for defendant.