[No. 16348. Department Two. September 13, 1921.]

ERIC G. ANDERSON, *Appellant,* v. GEORGE J. BAUER *et al.,* *Respondents.*[1]

MASTER AND SERVANT (20-1)—WORKMEN'S COMPENSATION ACT. Rem. Code, § 6604-3, gives a workman entitled to industrial insurance the election to take under the act, or sue third persons, for injuries occurring "away from the plant."

JUDGMENT (54)—TRIAL (60)—NOTWITHSTANDING VERDICT—POWER OF COURT. A motion for judgment non obstante veredicto must be based solely on matters appearing in the record, and cannot be supported by affidavit.

SAME. In an action for damages by a workman injured away from his employer's plant, the fact of his prior election to claim under the workmen's compensation act is not a jurisdictional question which may be determined on motion for judgment non obstante veredicto without a showing of the election appearing upon the record.

Appeal from a judgment of the superior court for King county, Jurey, J., entered June 24, 1920, in favor

[1] Reported in 200 Pac. 576.

of the defendants, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Reversed.

*Russell & Blinn,* for appellant.
*Morris B. Sachs,* for respondents.

MAIN, J.—The plaintiff brought this action to recover damages for personal injuries for which he claims the defendants are liable. The cause was tried to the court and a jury, and resulted in a verdict in the sum of $1,800. Motions for judgment notwithstanding the verdict and for new trial were duly made. The motion for judgment notwithstanding the verdict was sustained and a judgment entered dismissing the action. The plaintiff appeals.

On December 30, 1919, the appellant was employed by the Seattle and Rainier Valley Railway Company, a corporation, and was engaged in repairing the track of that company where it crosses the tracks of another street car line at the junction of Westlake avenue and Fourth avenues in the city of Seattle. While so employed, he was struck and injured by an automobile operated for and on behalf of the respondents, George J. Bauer and wife. The respondent, Mutual Union Insurance Company, had bonded the owners of the automobile, who were engaged at the time of the accident in transporting passengers for hire. The accident happened away from the plant of the Seattle and Rainier Valley Railway Company. Near the close of the taking of the testimony in the case, the respondent called the appellant to the witness stand and inquired of him whether he had filed a claim with the industrial insurance commission, and received an affirmative reply. The evidence did not disclose, however, whether the claim was filed prior to the time the present action

was instituted. Under the holding in *Carlson v. Mock,*
102 Wash. 557, 173 Pac. 637, if the accident happened
away from the plant, the respondent had an election of
remedies. He could pursue his common law action for
damages, or he could file a claim and take under the
industrial insurance act.

It will be assumed, but not decided, that, if the
claim was filed prior to the institution of the ac-
tion, that would constitute an election and the action
could not be maintained. When the motion for judg-
ment notwithstanding the verdict came on for hearing,
the respondent presented a transcript of the proceed-
ings before the industrial insurance commission, certi-
fied by the secretary of that commission, by which it
is claimed the fact appears that the claim was filed
prior to the institution of the present action. The ques-
tion in the case is whether the appellants had the right,
upon the hearing of the motion for judgment notwith-
standing the verdict, to prove a fact which if true would
show an election, but which did not appear in the
record at the time the cause was submitted to the jury.
The rule is that a judgment notwithstanding the ver-
dict must be based solely upon matters appearing in
the record, and it cannot be granted upon affidavit. In
11 Ency. Plead. and Prac., p. 917, it is said:

"A judgment *non obstante veredicto* must be based
solely upon matters appearing upon the record. It can-
not be granted upon affidavit."

The transcript of the proceeding before the indus-
trial insurance commission would perform the same
function as an affidavit in establishing a fact, upon the
hearing of a motion, which did not appear in the
record. The force of this rule is sought to be avoided
by an argument to the effect that the question was one
of jurisdiction and that this fact could be made to ap-

pear at any time, and when it did appear, it would become the duty of the court to dismiss the action. This apparently was the theory of the trial court, because in the judgment of dismissal it is recited that the motion for judgment notwithstanding the verdict is granted and the case is dismissed for want of jurisdiction. The question is not one of jurisdiction, but one of election of remedies. The appellant had the right to maintain the action, unless he had made a prior election under the holding in the *Carlson* case. This was a fact to be determined, and if established by the record before the case was submitted to the jury, the motion for judgment notwithstanding the verdict would have been properly granted, not on the ground of lack of jurisdiction, but on the ground that the appellant had made a prior election and therefore had no right to maintain the action.

The judgment will be reversed, and the cause remanded to the superior court with direction to pass upon the motion for new trial.

PARKER, C. J., MITCHELL, TOLMAN, and FULLERTON, JJ., concur.