[No. 20832. Department Two. February 17, 1928.]

ERIC G. ANDERSON, *Appellant*, v. GEORGE J. BAUER *et al.,* *Respondents.*[1]

[1] ELECTION OF REMEDIES (3)—ACTS CONSTITUTING. The acceptance of money from the state industrial insurance fund, constitutes an election of remedies by an employee, injured. by a third person while away from the plant of his employer;. and is a defense to an action previously commenced against the third person, notwithstanding that, when the employee commenced the action, he did not know that he had signed papers making. a claim. against the state industrial insurance fund.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 20, 1925, dis-. missing an action for personal injuries at the close of plaintiff's case. Affirmed.

*Russell & Blinn,* for appellant.

*Ralph S. Pierce,* for respondents.

ASKREN, J.—Plaintiff brought this action to recover damages for personal injuries sustained when he was struck by defendants' automobile. At the time of the accident, plaintiff was an employee of the Seattle Rainier Valley Car Lines, and was away from the plant of his employer. His injury not resulting from the negligence of another in the same employ, he had, under Rem. Comp. Stat., § 7675 [P. C. § 3470], the right to elect whether he would sue the person whose negligent act caused the damage, or take compensation from the state. This case has been here twice be-

¹Reported in 264 Pac. 410.

fore. *Anderson v. Bauer,* 117 Wash. 70, 200 Pac. 576; *Id.,* 121 Wash. 112,. 208 Pac. 259.

Prior to instituting this suit, the plaintiff filed his claim with the industrial insurance commission for compensation. After this action was instituted, he received two vouchers in payment of his claim, which he cashed, retained the proceeds and signed a final approval of settlement of his claim against the state fund. When these facts were pleaded in defense as · constituting an election upon his part to recover from the state fund instead of the defendant, he alleged that, when he signed the application to. receive from the state fund, he did not know the contents of the paper, was suffering from the injury, and merely followed the advice of his superior, who informed him that the paper was a release of the employer. Upon the trial of the action, he testified that he had signed the application for compensation but did not know its contents; that he received the payments from the state and signed the release. The court thereupon sustained an objection to an offer of proof as to the statements alleged to have been made to him by his superior officer, and at the close of the case held that plaintiff had made an election to receive from the state, whereupon the court dismissed the cause of action, save and except that it ordered a directed verdict in the sum of $5.50 for a watch that was damaged. Plaintiff then appealed.

[1] Upon appeal it is urged that there was but one election, and that was when this action was instituted, because he did not know that the first paper he signed was an application for state compensation. We shall assume for the purposes of this case that appellant did not know the contents of the paper he signed, nor that it was an application for state compensation. But after this suit was instituted and the vouchers from the. state came to appellant, he knew

then that he was receiving pay from the state, which, of course, was a right which the statute gave him, but one entirely inconsistent with the other right it gave him to sue the respondent. He cashed the vouchers, accepted the money, and executed a final release to the state with full knowledge that he was receiving pay from the state and releasing it from liability. This was clearly an election on his part.

Appellant urges that, after he elected to sue the respondent, then he could not thereafter make an election. But we think this misconceives the rule. Where a party has a right to pursue one of two inconsistent remedies against another, by bringing an action for one remedy, he thus makes an election which bars him from later seeking to pursue the other. But the rule cannot be that a plaintiff having a choice of two inconsistent remedies, each against a different party, can pursue them both and recover on each. Here the appellant recovered from one of the two parties which the statute allowed him to recover from. He is barred from recovering from the other.

The judgment is affirmed.

MACKINTOSH, C. J., MAIN, FULLERTON, and HOLCOMB, JJ., concur.