## JULIAN KAULIA *v.* HONOLULU RAPID TRANSIT COMPANY, LIMITED.

### No. 2027.

ARGUED MAY 3, 1932.                    DECIDED JUNE 8, 1932.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.
(Parsons, J., dissenting.)

This is a reserved question under the statute. On November 3, 1930, plaintiff commenced an action against the Honolulu Rapid Transit Company, Limited, for injuries alleged to have been caused by the negligence of the defendant in the operation of one of its street cars. The defendant filed a general denial. At the trial in the court below it appeared that on July 10, 1930, the plaintiff was employed as a helper on a truck of the garbage department of the City and County of Honolulu.

On that date the truck on which plaintiff was working was struck by defendant's street car and as a result the plaintiff suffered personal injuries. Shortly thereafter the plaintiff filed a claim with the industrial accident board for compensation under the Workmen's Compensation Act (Ch. 209, R. L. 1925). He was awarded and received compensation in the sum of $23.07 and costs of medical and hospital services. Upon this state of the evidence the court below reserved for our consideration the question of whether the plaintiff may maintain his action against the defendant Honolulu Rapid Transit Company, Limited.

The answer to this question depends upon the construction to be given section 3608, R. L. 1925, which reads as follows: "When any injury for which compensation is payable under this chapter shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this chapter or obtain damages from or proceed at law against that other person to recover damages; and if compensation is claimed and awarded under this chapter any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person, provided, if the employer shall recover from that other person damages in excess of the compensation already paid or awarded to be paid under this chapter, then any such excess shall be paid to the injured employee, or other person entitled thereto, less the employer's expenses and costs of action. The amount of compensation paid by the employer, or the amount of compensation to which the injured employee or his dependents is entitled, shall not be admissible in evidence in any action brought to recover damages."

The vital words of this statute for the purposes of this case are, "the injured employee may, at his option, either claim compensation under this chapter or obtain damages. from or proceed at law against that other person to recover damages." This language appears to us to be so clear as to leave no room for construction. It contemplates that an employee who is injured by the negligence of a third person may have his choice of either one of the two remedies mentioned in the statute. He may choose that, given him by the statute, against his employer or he may choose that, given him by the common law, against the negligent third party. The words "either * * * or" clearly indicate the intent of the legislature that both remedies cannot be pursued but that an election must be made. Any other conclusion would do violence to language that is unambiguous and would be nothing short of judicial legislation.

This view of the statute is clearly implied in *Reinhardt* v. *County of Maui,* 23 Haw. 524. That was a case in which the injured employee elected to rely on his common-law cause of action against the third party. The court said (p. 528) : "There is no evidence whatever showing that the plaintiff made a claim against his employer for the injury received or that he filed with the industrial accident board a claim for compensation on account of the injuries complained of, hence, on the record, we must hold that he elected to hold the third party responsible, and not look to his employer for compensation."

Our attention is called to *Lowe* v. *Morgan's Louisiana & T. R. & S. S. Co.,* 150 La. 29, 90 So. 429, in which it is claimed that the court under a statute similar to ours held that the plaintiff was not precluded from maintaining an action against a third party whose negligence caused the injury when he had previously claimed and obtained compensation against his employer under the

Workmen's Compensation Act. The Louisiana court, speaking on this point, said (p. 430) : "All that we think this section intended to do was to give the employer a statutory subrogation pro tanto, to the rights of plaintiff, where otherwise it would have been necessary to obtain from the employer" (employee) "a conventional transfer. The provision does not say that an employee claiming compensation shall forfeit his right of action against a third person by claiming compensation, but that he shall have the option to seek either, but in any event he shall not be entitled to be paid twice that portion of his demand which is represented by the compensation. Such a meaning can only be read into the law by implication, and we think its language would have to be much plainer than it is to have the effect of saying that a tort-feasor can avail himself of a provision in no wise intended for his benefit, and with respect to which he is in no sense a party privy or governed in his responsibility by the law."

We do not agree with this view. Our statute does more than accord the employer the right of statutory subrogation *pro tanto*. It imposes upon the plaintiff the necessity of electing between two definite courses of action. That the tort-feasor may incidentally benefit from the resulting situation is a consideration which cannot be permitted to influence our reading of plain language. Whether such an incidental benefit is to be conferred upon the tort-feasor is a question which the statute requires the plaintiff himself to decide. It is not the function of this court to relieve the plaintiff of the necessity of making this decision.

Our attention is also directed to cases from other jurisdictions in which it is held that an injured employee may proceed against his employer under the Workmen's Compensation Act and also against a third party whose

negligence caused his injury. These cases, however, are predicated upon statutes so dissimilar to our own as to render them entirely inapposite.

The subrogation clause of our statute, taken in connection with the option clause above referred to, strengthens the conclusion that the plaintiff cannot maintain the instant action. Under the subrogation clause, when the employee elects to claim compensation from his employer and is awarded such compensation, his right of action against a third party, whose negligence caused his injuries, passes from him to his employer. In the event the employer's recovery against the third party exceeds the compensation paid or awarded to be paid the employee plus the expenses and costs of action, such excess must be handed over to the latter. It would be a contradiction to say that after the employee makes his election his cause of action against the third party passes from him and yet remains in him. The statute creates no such anomaly. The most that can be said for the employee is that he retains the limited right to the excess described above. To permit him to prosecute the action in his own name would either subject the third party to two suits on the same facts or deprive the employer of a valuable right conferred upon him by the statute. It would be contrary to the clearly expressed legislative intent to so construe the statute as to encompass either of these results.

The reserved question is answered in the negative.

*Jean Vaughan* (*Kemp & Stainback* with her on the briefs) for plaintiff.

*J. G. Anthony* (*Robertson & Castle* on the brief) for defendant.

*A. W. A. Cowan* (*Ulrich & Hite* on the brief) amicus curiae.

DISSENTING OPINION OF PARSONS, J.

I cannot concur in an interpretation of section 3608, R. L. 1925, which in effect denies to an injured workman, in the circumstances set forth in the majority opinion, his common-law right of action in tort for injury caused by the negligence of a person not his employer, because of his having claimed and having been awarded by the industrial accident board and having been paid by his employer compensation based upon a percentage of his average weekly wage, plus an allowance for medical and hospital services during a period of temporary disability.

The question, "May said Julian Kaulia, under the circumstances above set forth, maintain an action in his own name against the Honolulu Rapid Transit Co., Ltd., for damages for the injuries received by him due to the alleged negligence of said Honolulu Rapid Transit Company, Limited," so far as the record discloses, is not before us upon any issue made by the pleadings or raised by motion, objection or exceptions of the parties or either of them. It is submitted upon reservation of the trial court of its own motion, evidently in the view that it is essentially a jurisdictional one. I do not view it in that light. The bar of election or of subrogation, if election or subrogation constitutes a bar in the circumstances named, might well have been held to be a matter of defense and subject to waiver. See *O'Brien* v. *Chicago City R. Co.,* 305 Ill. 244, 137 N. E. 214, 27 A. L. R. 479, 488, and *Foster* v. *Congress Square Hotel Co.,* 145 Atl. 400, 67 A. L. R. 239, 245. And it is at least arguable that waiver is shown by the record. The points last above mentioned, however, were not raised or argued in the briefs or at the hearing, and this dissent, therefore, is not based upon them, but is based upon other grounds which were definitely presented.

The provision of section 3607, that "the rights and remedies herein granted to an employee on account of a

personal injury for which he is entitled to compensation under this chapter shall exclude all other rights and remedies of the employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of the injury," clearly refers only to rights and remedies as between employer and employee and does not refer to the "liability of third persons" which is separately dealt with under the next succeeding section, namely, section 3608. Under the latter section the common-law right of action against a third party tort-feasor is expressly preserved. See *Reinhardt* v. *County of Maui*, 23 Haw. 524. The employee's "option" therein provided, either to claim compensation from the employer or to proceed at law against the third party tort-feasor, does not expressly exclude a combination of the two remedies. I do not think that it does so by necessary implication. "Under the few statutes which specifically prohibit the employee from proceeding against both his employer and the third party wrongdoer, acceptance of compensation is uniformly held to be a bar to a subsequent independent action." Yale Law Journal, May, 1931, p. 1109, citing in footnote 7, *Barry* v. *Bay State St. Ry.*, 222 Mass. 366, 110 N. E. 1031; *Pittsburgh, etc., R. Co.*, v. *Parker*, 191 Ind. 686, 132 N. E. 372; *Smith* v. *Port Huron G. & E. Co.*, 217 Mich. 519, 187 N. W. 293; *Nashville* v. *Latham*, 28 S. W. (2d) 46. "And where there is no provision regarding the extent of the employer's recovery or for the disposition of excess recovery, the employee has been held to have no further right of action if he elects to take compensation." *Id.*, citing in footnote 8, *Holmes* v. *Jenning & Sons*, 7 Fed. (2d) 231; *Eagle-Picher Lead Co.* v. *Kirby*, 109 Okl. 96, 235 Pac. 176 and *Anderson* v. *Bauer*, 146 Wash. 594, 264 Pac. 410. "Where, however, the statute subrogates the employer only to the extent of the compensation paid or payable, or, as in

the instant case" (*McKenzie* v. *Missouri Stables*, 34 S. W. (2d) 136), "provides for the disposition of excess recovery by the employer, the subrogation has very generally been held no bar to the employee's suit against the third party for full damages. In such a case he is, of course, required to hold in trust for his employer a portion of the judgment equal to the amount of compensation already received. Under these two types of subrogation provisions this same result has been reached even when the statute further stipulated that the employee may at his option take compensation or sue the third party, although such a provision might seem to contemplate but one remedy." Yale Law Journal, *supra,* 1109, 1110.

The Missouri statute as to third party liability is sufficiently like our own to make the reasoning of its supreme court in *McKenzie* v. *Missouri Stables,* cited as above in the Yale Law Journal, peculiarly applicable to the case at bar. Quoting from the Missouri court's opinion in 34 S. W. (2d), beginning on page 138: "The particular section of our own act governing third-party liability is section 11 (Laws 1927, p. 497), which reads as follows: 'Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future install-

ments of compensation.'

"Obviously this section was embodied in the act for the protection and benefit of the employer liable for compensation; and, as its provisions plainly imply, it gives to the employer the right of subrogation, which, primarily, is a device adopted or invented by equity to compel the ultimate discharge of a debt or obligation by the one who in fairness and good conscience ought to pay it. Though the doctrine is equitable in its origin, the right acquired is generally referred to as legal subrogation; and, if the term is used without qualification, it is ordinarily legal subrogation which is meant, as distinguished from conventional subrogation, which depends upon the existence of a lawful contract, and arises by act of the parties. Undoubtedly, it is the latter which is provided for by the section supra, for the entire Compensation Act is contractual in its nature as between employer and employee; and, by the inclusion of the subrogation statute therein, the employer who is made liable by law, regardless of the fault of others, is readily afforded the protection which he would otherwise be forced to secure by a more circuitous route.

"It is by section 3 of the act (Laws 1927, p. 492), that the employer's liability for compensation is fixed and established, so long as the injury or death is by accident arising out of and in the course of the employment, and irrespective of the fact that the proximate cause of such injury or death may, as in this instance, be the negligence of a third party. Furthermore, the subsequent provision of that section that the rights and remedies granted therein to the injured employee or his dependents shall exclude all other rights and remedies at common law or otherwise applies only to rights and remedies theretofore existing in favor of the employee or his dependents against the employer, so the cases hold, and does not of itself take

away the employee's common-law right of action against the offending party. Consequently, the right of the injured employee to proceed directly against the third party, as he has attempted to do in this case, is not affected by our Compensation Act, unless it be by section 11, which provides that the employer shall be subrogated to the rights of the employee against such third party.

"Bearing in mind that the evident purpose of section 11 is only to provide indemnity to the employer for the compensation payable by him, there is nevertheless no doubt that it gives him the right to bring and prosecute the action for damages, not pro tanto, but in its entirety. However, it nowhere provides that the employee may not himself sue for his injuries, as would have to be the case if defendant's contention in this proceeding were to be held well taken. What the section does contemplate, beyond peradventure of doubt, is that both the employer and the employee have beneficial interests in the cause of action, the employer being interested in securing indemnity for himself for the amount of compensation payable by him, and the employee being interested in obtaining whatever surplus may remain after his employer has been indemnified. Consequently, without regard to where the pure legal title to the cause of action may be, either the employee or the employer is plainly a real party in interest, and, of whatever sum he recovers from the third party, he is, in part at least, the trustee of an express trust, the employee to see that the employer's right of subrogation is protected, and the employer to see that the employee secures the surplus remaining after he himself is indemnified."

In 1921 the Workmen's Compensation Law of Louisiana contained a provision more nearly like our own section 3608 than any other cited or examined. Under it the rights expressly conferred by subrogation upon the

employer were even greater than those expressly conferred upon employers by our own statute, in that the Louisiana law expressly granted the employer the right at the latter's discretion to compromise the subrogated claim. The interpretation of its statute by the Louisiana court is in harmony with the text of the Yale Law Journal article hereinabove quoted and with cases therein cited from States whose enactments fall within the same general classification. Quoting from *Lowe* v. *Morgan's Louisiana & T. R. & S. S. Co.*, 150 La. 29, 90 So. 429, 430, 431: "Section 7 of Act No. 20 of 1914 (which was the law existing at the time this case arose) is as follows: 'That when an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person, and may compromise the claim therefor in his discretion; provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act then any such excess shall be paid to the injured employee less the employer's legitimate and reasonable expenses and costs of the action, which payment shall be credited upon the balance of compensation, if any, that may become due thereafter.'

"While counsel for plaintiff, in brief and argument, appears to concede that his client would be precluded from pursuing the present action against defendant, as for a tort, by the terms of that statute, if he had demanded or

voluntarily accepted compensation, we do not so construe it. All that we think this section intended to do was to give the employer a statutory subrogation pro tanto, to the rights of plaintiff, where otherwise it would have been necessary to obtain from the employer" (employee) "a conventional transfer. The provision does not say that an employee claiming compensation shall forfeit his right of action against a third person by claiming compensation, but that he shall have the option to seek either, but in any event he shall not be entitled to be paid twice that portion of his demand which is represented by the compensation. Such a meaning can only be read into the law by implication, and we think its language would have to be much plainer than it is to have the effect of saying that a tort-feasor can avail himself of a provision in no wise intended for his benefit, and with respect to which he is in no sense a party privy or governed in his responsibility by the law; especially where the effect would be to deprive the employee of substantial rights which he would otherwise have, since, notoriously, the employer's liability law affords but scanty recompense for the injuries which those affected by its operation may receive from the employer.

"It is true that the employee" (employer) "is given the right to bring the action against the tort-feasor in his own name and to 'compromise the claim therefor in his discretion;' but, in our opinion, this was for the purpose of giving him such an interest in the subject-matter of any such action, as to permit him to protect himself against a liability for which the law makes him responsible, regardless of the fault of others. For even if the suit be brought by the employer, the extent of the liability of the third person is in no way diminished, and the former can receive only a sufficiency to reimburse him his outlay on account of the injury, any excess above that

sum still remaining the property of the employee, and by the terms of the law having to be paid over to him, thus clearly disclosing that, notwithstanding the statutory subrogation, he still has a real interest in the subject-matter of such litigation, which is one of the essentials prescribed by the Code of Practice to the maintenance of an action. Code Prac. art. 15.

"We also think that, in view of the quoted provision, the defendant would have the right, by timely and appropriate exception (nonjoinder) to require that the employer, who had paid, agreed to pay, or been adjudged to pay, compensation, be made a party to the suit, either as plaintiff or defendant, but no such motion has been made in this case, and the most that the court can be asked to do is to deduct from whatever sum, if any, which the plaintiff may recover, the amount of compensation, at its present discount value, which the employer will or should have to pay to the employee under the statute. The object and effect of the law was to allow plaintiff only a fair and just compensation for his injury. In so far as the employer is concerned, the sum or portion to be paid is fixed by the act of 1914, but as to third persons, the liability is to be determined by article 2315 of the Civil Code and the jurisprudence interpretative thereof.

"It is true that the section quoted gives the employer who pays compensation a discretion to compromise the claim against third persons in the circumstances of this case, but it is not one which he is compelled to exercise, and the law of prescription with reference to such actions is just as applicable to any demand by him as any one else. If he does not appear or exercise that right, no one else can complain or assert it for him; and if defendant is credited with the portion which it might have to pay to him, then he (defendant) has no risk of having to pay twice, nor is the employee permitted to recover

more than a sum which will reasonably compensate him for his injury. On the other hand, if the employee chooses to exercise his action against the tort-feasor, he is not deprived of his rights against the employer under the statute, but any amount recovered, we think, would have to be credited on the sum due by the employer, or, if more, the claim would be extinguished entirely. This view gives effect to all the law, without reading into the statute a provision which the legislature did not see fit to prescribe, we think, either expressly or impliedly."

Section 3608, R. L. 1925, quoted at length in the majority opinion, expressly recognizes a possible liability on the part of the tort-feasor over and above the amount of compensation paid by the employer, without any right of diminution on account of such compensation. The amount which the employer under his subrogation is entitled to recover is beyond question the amount which the employee would have been entitled to recover if the action had been brought in the first instance by the latter. A recovery by either would, of course, bar the other. The employer's sole interest in the right of action against the tort-feasor is one of indemnification for compensation, expenses and costs of action. If he recovers more than that he must pay the overplus to the injured employee. After payment of compensation, therefore, there is a continuing right on the part of the employee and a continuing liability on the part of the tort-feasor. I cannot accept the view that our statute, either expressly or by implication, denies to the injured employee in the circumstances named a remedy to enforce his right except through the affirmative action of his employer.

In my opinion the circuit judge's reserved question should be answered in the affirmative.